Sarah K. Devlin, a minor, by her next friend, James K. Devlin, and the said James K. Devlin and Sarah Devlin, his wife, Appellants, v. Beacon Light Company.

*Negligence—Electric light companies—Live electric light wire—Contributory negligence.*

In an action against an electric light company to recover damages for personal injuries sustained from stepping upon a live electric light wire which had been left by defendant's workmen on a pavement, without guard or warning, the question of plaintiff's contributory negligence is for the jury, where it appears that the accident occurred at 8 o'clock in the morning; that the wire was only three eighths of an inch thick; that it was trodden upon by plaintiff when she was about stepping from a crossing upon the pavement, and that she knew that an electric wire was dangerous, and would not have stepped upon it if she had seen it.

Argued Feb. 7, 1899. Appeal, No. 383, Jan. T., 1898, by plaintiffs, from order of C. P. Delaware Co., Dec. T., 1897, No. 25, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Reversed.

Trespass for personal injuries. Before HEMPHILL, P. J.

At the trial it appeared that about 8 o'clock in the morning of February 9, 1898, plaintiff was injured at Third and Market streets, a much traveled part of the city of Chester, by stepping upon a live electric light wire which had been left on the pavement without guard or warning by defendant's workmen. At the time of the accident plaintiff was stepping from the crossing upon the pavement. The wire was not over three eighths of an inch in diameter. Plaintiff described the accident as follows:

"I went over to Mr. Broomall's corner and from Mr. Broomall's corner to the corner of the express company. I fell in the gutter. I do not know what happened, or did not know until after I arose, and then I found I had tread on a wire. I felt a sensation, a heavy burning sensation going through my whole system, and I had a great deal of pain and nervous shock. I arose the best way I could and looked around me to see what had happened, and I saw there was a wire lying there."

"Q. Are you sure that you did not see it and after you had

received the shock forgotten that you had seen it? A. Well when I picked myself up my foot was on the wire. Q. Would you have had any reason in your own mind for not stepping on it if you had seen it, understand me, I mean as a person would step on a rope or anything of that sort to keep it from tripping them, would you have had any objection to doing that with that wire? A. I do not think I would have touched it at all if I had seen it. Q. Why not? A. I would not want to tread on it purposely. Q. What would be your objection to doing it? A. I do not know that it would benefit me to tread on it. Q. Except as persons tread on an obstacle of that kind to keep them from coming up and tripping them. You say you would have objection to doing that? A. If I would have seen it I would not have tread on it of course. Q. You would have been afraid? A. Yes. Q. Why? A. Because I knew that it was an electric wire. Q. That is, you would have thought to be dangerous to tread on it? A. Yes, sir. Q. So that makes you feel sure you did not purposely tread on it? A. I did not tread on it purposely.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*V. Gilpin Robinson*, with him *John E. McDonough*, for appellant, cited on the question of contributory negligence : Pittsburg Southern Ry. Co. v. Taylor, 104 Pa. 314; Allegheny City v. Gilliam, 30 Pittsburg Leg. Jour. 461; Fee v. Columbus Boro., 168 Pa. 382; Potter v. Gas Co., 183 Pa. 590; Schively v. Jenkintown, 180 Pa. 196; McLaughlin v. Traction Co., 175 Pa. 565; Manross v. Oil City, 178 Pa. 276; Haynes v. Raleigh Gas Co., 114 No. Car. 204; Newark Elec. Light & Power Co. v. Ruddy, 48 Central Law Jour. 49.

*O. B. Dickinson*, for appellee, cited Kelly v. Manayunk Ry. Co., 12 Atl. Rep. 598; Stearns v. Spinning Co., 184 Pa. 519; Kepner v. Traction Co., 183 Pa. 24; Keller v. Hestonville, 149 Pa. 65; Wood v. Diamond Electric Co., 185 Pa. 529; Stackhouse v. Vendig & Co., 166 Pa. 588.

OPINION BY MR. CHIEF JUSTICE STERRETT, July 19, 1899 : In 1897, two actions of trespass were brought against the de-

fendant company, one by Sarah K. Devlin, by her father and next friend, to recover damages for injuries she sustained by being brought in contact with a live electric light wire which was negligently left upon the sidewalk in the city of Chester by defendant company's employees while they were engaged in readjusting the wires used for public street lighting, and the other, by her parents, James K. and Sarah Devlin, to recover damages sustained by them in consequence of their said daughter's injury. Before trial, these cases were consolidated by order of court under the provisions of the act of May 12, 1897.

On the trial, the joint plaintiffs were nonsuited by the learned trial judge for the reason given by him in the concluding sentence of his charge, viz: " the plaintiff either saw the dangerous wire and tread upon it, or was negligent in failing to see it, and in either case having contributed to the accident, we must direct the entry of a compulsory nonsuit." Doubtless, for the same reason, because there is no possible ground for any other, he afterwards denied the motion to take off the nonsuit. Hence this appeal by the plaintiffs. The specifications of error, so far as relevant, are directed to the court's action in refusing to take off the judgment of nonsuit.

It was not denied, nor could it be with any reasonable hope of success, that the evidence tended strongly to prove that the defendant company was grossly negligent in leaving the wire in a position where it was liable to come in contact with other wires heavily charged with electricity, and thus endanger the lives of unsuspecting pedestrians and others passing and repassing along and across the public street. One of the two reasons assigned in support of the motion for a nonsuit was, " Because plaintiffs failed to prove negligence upon the part of the defendant." This was wholly unwarranted by the testimony, and the learned trial judge rightly disposed of it by saying : "The evidence showed that the defendant in making some alterations in its line allowed an arc wire to lie upon the pavement in a much traveled part of the city, without guard or warning to passersby ; that the plaintiff stepped upon it, and immediately received a shock that felled her to the ground and occasioned the injuries of which she complains. This, in our judgment, was sufficient to establish the negligence of the defendant in the first instance and require it to make answer."

As to the alleged contributory negligence of the injured plaintiff, it is sufficient to say that a careful consideration of the testimony has satisfied us that the learned court below erred in denying the motion to take off the judgment of nonsuit.   While there is some evidence bearing on the subject of contributory negligence that may be regarded as sufficient to go to the jury, it is not of such a character as to justify a trial judge in holding, as matter of law, that because of the plaintiff's contributory negligence there can be no recovery.   In order to reach that conclusion resort must be had to inferences of fact such as can be legally drawn only by a jury.   We are of opinion that the legal conclusion of contributory negligence is unwarranted by any of the admitted or conclusively established facts in this case. In other words, upon the evidence before us the case should be properly submitted to and disposed of by a jury, and not by the court alone.

Inasmuch as the case goes back for trial by a jury, further comment on the questions involved is neither necessary nor desirable.

Judgment reversed, motion to take off nonsuit granted, and record remitted with a procedendo.