# Devlin *v.* Beacon Light Company, Appellant.

*Negligence—Evidence—Burden of proof—Province of court and jury.*

In a negligence case where the plaintiff shows a series of facts from which the inference of negligence on the part of the defendant arises, that inference is sufficient to carry the case to the jury. Having once arisen, it remains until overcome by countervailing proof; whether so overcome is a question of fact which the court cannot determine.

*Negligence—Evidence—Directing verdict—Disregard of testimony—Scintilla.*

The rule, that a verdict may be directed where a different conclusion could not be reached by the jury, without a capricious disregard of apparently truthful testimony that is in itself probable and is not at variance with any proved or admitted facts, does not apply, where there is a conflict of testimony, unless that on one side amounts only to a scintilla.

*Negligence—Stepping on live wire—Electric light company—Evidence—Burden of proof—Province of court and jury.*

In an action against an electric light company to recover damages for personal injuries, evidence for the plaintiff that the injuries were sustained by stepping upon a wire charged with electricity, which the defendant had left lying on the pavement of a main street without warning to passers-by, raises an inference of negligence which will carry the case to the jury, and the court cannot withdraw the case from the jury because of evidence offered by the defendant that the wire had been cut out of the circuit and disconnected at both ends before it was placed on the pavement, and could not have been charged with electricity by the defendants' dynamo, nor because of its position, by contact with other wires.

Argued Feb. 11, 1901. Appeal, No. 75, Jan. T., 1901, by defendant, from judgment of C. P. Delaware Co., Dec. T., 1897, No. 25, on verdict for plaintiff, in case of Sarah K. Devlin, a minor, by her next friend, James K. Devlin and James K. Devlin and Sarah Devlin, his Wife, v. Beacon Light Company. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass for personal injuries. Before HEMPHILL, P. J., specially presiding.

The case was previously reported in 192 Pa. 188.

At the trial it appeared that plaintiff, Sarah K. Devlin, was injured on February 9, 1897, by stepping on a live wire which defendant's workmen had permitted to lie upon the pavement

of a main street of the city of Chester.   Defendant offered evidence which tended to show that the wire was severed at both ends, was well insulated and was lying upon the pavement unconnected and untouched by any other wire, and was absolutely dead.

The court refused to give binding instructions for defendant.

Verdict and judgment for Sarah K. Devlin for $2,500, and for James K. Devlin and Sarah Devlin, his wife, for $800.   Defendant appealed.

*Error assigned* among others was in refusing to give binding instructions for defendant.

*O. B. Dickinson,* for appellant, cited : East End Oil Co. v. Penna. Torpedo Co., 190 Pa. 350 ; Kepner v. Harrisburg Traction Co., 183 Pa. 24 ; Keller v. Hestonville, etc., Pass. Ry. Co., 149 Pa. 65 ; Lonzer v. Lehigh Valley R. R. Co., 196 Pa. 610.

*John E. McDonough* and *V. Gilpin Robinson,* for appellees, cited: Dillon v. Allegheny County Light Co., 179 Pa. 482; Devlin v. Beacon Light Co., 192 Pa. 188; Brush Electric Lighting Co. v. Kelley, 126 Ind. 220; Haynes v. Raleigh Gas Co., 19 S. E. Repr. 344; 5 American Electrical Cases, 264; Kearney v. London, Brighton, etc., Ry. Co., L. R. 5 Q. B. Cases, 411; Illingsworth v. Boston Electric Light Co., 161 Mass. 583; Thomas v. Western Union Tel. Co., 100 Mass. 156; Bourget v. Cambridge, 156 Mass. 391; Clements v. Louisiana Electric Light Co., 44 La. Ann. 692; Giraudi v. Electric Improvement Co., 40 Pac. Repr. 108.

OPINION BY MR. JUSTICE FELL, March 25, 1901 :

When this case was here before, it was decided (1) that proof by the plaintiffs that the defendant's workmen had allowed a wire charged with electricity to lie on the pavement of a main street without warning to those who passed by, established prima facie a case of negligence ; (2) that a nonsuit should not have been entered on the ground that the plaintiff saw, or should have seen, the wire as she stepped from the crossing to the pavement, and was to be charged with contributory negligence in not avoiding the danger : Devlin v. Beacon Light Co., 192 Pa. 188.

The defendant's legal contention at the second trial was that, having shown by testimony that was neither contradicted nor discredited, that the wire had been cut out of the circuit and disconnected at both ends before it was placed on the pavement, and could not have been charged with electricity by the defendant's dynamo, nor, because of its position, by contact with other wires, it was entitled to a peremptory direction in its favor. On this proposition all the assignments of error are based.

The burden on the defendant was not satisfactorily to account for the accident, but only to show that it had used due care; and if the testimony produced by it was credited, it amounted to a demonstration that there was no cause of action. But whether the witnesses were entitled to belief was necessarily a question for the jury. The plaintiff showed a series of acts from which the inference of negligence on the part of the defendant arose; that inference was sufficient to carry the case to the jury; having once arisen, it remained until overcome by countervailing proof; whether so overcome was a question of fact which the court could not determine: Penna. R. R. Co. v. Miller, 87 Pa. 395; Penna. R. R. Co. v. Weiss, 87 Pa. 447; Spear v. Phila., Wilmington & Baltimore R. R. Co., 119 Pa. 61; McCafferty v. Penna. R. R. Co., 193 Pa. 339. The rule stated in Lonzer v. Lehigh Valley R. R. Co., 196 Pa. 610, that a verdict may be directed where a different conclusion could not be reached by the jury without a capricious disregard of apparently truthful testimony that is in itself probable and is not at variance with any proved or admitted facts, does not apply where there is a conflict of testimony, unless that on one side amounts only to a scintilla.

The judgment is affirmed.