# Sorrell *v.* Titusville Electric Traction Company, Appellant.

*Negligence—Street railway—Live electric wire.*

In an action against a street railway company to recover the value of a team of horses killed by a live electric wire, it appeared that prior to the accident an oil derrick standing on private property a short distance from defendant's track was blown down, and tore from the pole the trolley wires, and also telephone wires which were strung on the poles. All the wires were uninsulated. A high current was passing through the line at the time, and the telephone wires which were small, and not easily to be seen in the roadway became charged from contact with the trolley wire. A car arrived after the accident, and the conductor and motorman turned the car and went back to the power house, about two miles distant, without leaving any word or warning at the scene of the accident. At the power house they reported the fall of the derrick and the situation of affairs to those in charge of the power plant, but these persons did not turn off the power for almost an hour afterward. In the meantime plaintiff's team, driven by his son, approached the scene of the accident, and the horses came in contact with the telephone wires. *Held*, that the case was for the jury and that a verdict and judgment for plaintiff should be sustained.

Argued May 18, 1903. Appeal, No. 116, April T., 1903, by defendant, from judgment of C. P. Crawford Co., May T., 1902, No. 138, on verdict for plaintiff in case of Joseph E. Sorrell v. Titusville Electric Traction Company. Before RICE, P. J., BEAVER, ORLADY, W. D. PORTER and MORRISON, JJ. Affirmed.

Trespass to recover damages for the loss of two horses. Before THOMAS, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in submitting the case to the jury.

*C. W. Benedict* and *George F. Davenport*, for appellant, cited no cases.

*M. J. Heywang*, for appellee, cited: Fitzgerald v. Edison Electric Illuminating Co., 200 Pa. 540 ; Dillon v. Allegheny

County Light Co., 179 Pa. 482; Devlin v. Beacon Light Co., 192 Pa. 188; Mitchell v. Charleston Light & Power Co., 31 L. R. A. 577; Boyd v. Portland General Electric Co., 37 Ore. 567 (62 Pac. Repr. 378); Newark Electric Light & Power Co. v. McGilvery, 41 Atl. Repr. 955; Kankakee Electric Ry. Co. v. Whittemore, 45 Ill. App. 484; Hovey v. Michigan Tel. Co., 124 Mich. 607 (83 N. W. Repr. 600); McNeal v. Pittsburg, etc., Ry. Co., 131 Pa. 184; Ely v. Pittsburg, etc., Ry. Co., 158 Pa. 233; Davidson v. Lake Shore, etc., Ry. Co., 171 Pa. 522; Graham v. Philadelphia, 19 Pa. Superior Ct. 292.

OPINION BY PORTER, J., October 5, 1903:

The passenger railway of the defendant company was located along the public highway, and on the poles carrying the trolley wire which supplied power to operate the line, two telephone wires were maintained. On April 26, 1902, an oil derrick, standing on private property a short distance south of the track was blown down and in falling tore all the wires loose from the poles, the trolley wires were carried to the edge of the beaten track of the public highway and the telephone wires nearly to the middle of that track. All the wires were uninsulated, and the telephone wires came into contract with the trolley wires and became charged with the electric current. The telephone wires were small and in the then condition of the bed of the road did not readily challenge observation. The current passing through the line was of high power, and necessarily dangerous to man or animal which might come in contact with it.

A car operated by the employees of the defendant arrived at the scene of the accident; the conductor and motorman observed the condition of affairs, that the wires were upon the ground, and without leaving any word or warning of the danger to those using the public highway returned with the car to the power house, which was about two miles distant. They there communicated the facts as to the situation of affairs at the scene of the accident to those in charge of the operation of the power plant.

All danger to persons using the public highway might have been at once ended by turning off the current with which the

wires were charged, but the agents of the defendant company, who must be presumed to have known of the deadly character of the current, continued to pass it through the wires lying in the public highway for almost an hour before turning it off.

The team of the plaintiff driven by his son was passing along the public highway and sometime after those responsible for the operation of the defendant's power house were aware of the danger, arrived at the point where the derrick had fallen into the public road, and after having safely passed the fallen derrick, at a point about thirty feet from it, the horses came in contact with the wires and were killed. The plaintiff brought an action to recover the value of the horses, and recovered a verdict. The only ruling of the court of which the appellant complains is the refusal of binding instructions in favor of the defendant. The evidence as to the conduct of the agents of the defendant in continuing to send the deadly current through the wires which had been carried into the public highway after they had become aware of the condition of affairs, was such as to justify a finding of negligence on the part of the defendant company. When the driver of the plaintiff's team arrived at the scene of the accident he had no knowledge as to how long the derrick had been down; there was no evidence of any fact which could have indicated to him that the wires continued to be charged with the deadly current: he had safely passed over the broken planks of which the derrick had been composed, and was thirty feet beyond when the horses came in contact with the telephone wire. This wire was small and the driver did not see it lying in the road, even if he had done so, he was not so clearly negligent in proceeding as to warrant the court in disposing of that question as a matter of law. The case was for the jury, and is ruled by Dillon v. Allegheny County Light Company, 179 Pa. 482; Devlin v. Beacon Light Company, 192 Pa. 188, 198 Pa. 583; and Fitzgerald v. Edison Electric Illuminating Company, 200 Pa. 540.

The judgment is affirmed.