## Ott, Appellant, *v.* Boggs.

*Fall of wall—Unknown causes of accident—Evidence—Nonsuit.*

Where, in an action of negligence, the only evidence as to the cause of the accident is such as is derived by inference from conditions existing after the occurrence, and these conditions suggest several causes, either of which operating by itself would have been adequate to the result, and the defendant is without responsibility except as to one, there can be no recovery unless the conditions point to the cause to which defendant's responsibility attaches, with such degree of certainty as would justify a jury in finding it to have been the proximate cause.

In an action to recover damages for the death of plaintiff's husband caused by the fall of a wall, a nonsuit is properly entered where the evidence shows two independent causes, to one or the other of which the collapse of the wall could be referred, and for only one of which were the defendants in any way liable.

Argued Nov. 12, 1907. Appeal, No. 149, Oct. T., 1907, by plaintiff, from order of C. P. No. 3, Allegheny Co., May. T., 1905, No. 738, refusing to take off nonsuit in case of Pamelia Ott v. Boggs & Buhl. Before Mitchell, C. J., Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before Kennedy, P. J.

At the trial it appeared that the decedent was or had been an employee of the General Fire Extinguisher Company, who. had a contract with the defendant for the erection of a two-story stable building and also a 15,000 gallon gravity tank on a steel structure built above the walls of the stable building. The erection of the steel structure for this tank was sublet by

the General Fire Extinguisher Company to one Carl Schenck, and at the time of the accident the decedent was working upon the steel structure when the tank and structure fell and he was killed.

The substance of the testimony relating to the cause of the accident is set forth in the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*A. B. Reid*, with him *A. V. D. Watterson*, for appellant.

*Willis F. McCook*, for appellee.

OPINION BY MR. JUSTICE STEWART, January 6, 1908:

Where, in an action of negligence, the only evidence as to the cause of the accident is such as is derived by inference from conditions existing after the occurrence, and these conditions suggest several causes, either of which operating by itself would have been adequate to the result, and the defendant is without responsibility except as to one, there can be no recovery unless the conditions point to the cause to which defendant's responsibility attaches, with such degree of certainty as would justify a jury in finding it to have been the proximate cause. A finding where the evidence does not measure up to this standard would be a mere balancing of probabilities. A defendant's negligence is not to be determined in this way. And this suggests the weakness of the plaintiff's case. The same testimony which was relied upon to show that the walls of defendant's building were insufficient to support the superstructure which he had contracted to have built, and about which plaintiff's husband was engaged when he lost his life, because some specimens of the mortar used in their construction, on examination were found to be lacking in cement, and therefore lacking in binding strength, showed that two legs of the iron or steel tripod on which rested the large tank filled with water, were bent. This tripod, for the support of the tank, was so constructed that two of the legs rested on the outer wall of the building and the other on an

interior wall. The bending of two of them might not have been sufficient in itself to precipitate the tank, but a very natural result would be a disturbance of the equal distribution of weight, and a change not only in the point of pressure upon the walls, but a change in the direction of that pressure as well. It is not difficult to understand how under such a change of conditions a wall entirely adequate for purposes originally designed, might suddenly become wholly inadequate. Counsel for plaintiff are frank enough to admit that the evidence in regard to the bending of the legs of the tripod is unsatisfactory even from plaintiff's standpoint, but argue that it was enough in connection with the positive evidence as to the defective walls, to carry the case to the jury. The difficulty here is that the evidence in regard to the bending of the legs of the tripod, is in no sense supplementary to that in regard to the defective walls ; it showed a different cause to which the collapse could just as well be referred, and for which defendant was not in any way liable. Plaintiff offered no evidence whatever to show that this cause did not operate, either independently or concurrently with the other, to produce the result. As the case stood on the evidence, it could not be judicially determined what caused the collapse. At best it would have been mere speculation by the jury had the case been submitted.

Judgment affirmed.