# O'Donovan *v.* Philadelphia Company, Appellant.

*Negligence—Explosion of gas—Evidence—Approximate cause—Question for jury.*

Where the only evidence as to the cause of an explosion of natural gas, which injured plaintiff's house, is such as is derived by inference from conditions existing after the occurrence, and these conditions suggest several causes, either of which operating by itself would be adequate to the result, and the defendant is without responsibility except as to one, there can be no recovery unless the conditions point to the cause to which defendant's responsibility attaches, with such a degree of certainty as would justify a jury in finding it to be the approximate cause. If, however, it appears that on the day before the accident there was a break in the main which caused gas to enter plaintiff's house, that this break was repaired before the accident, that three days after the accident gas again escaped at the point where the break oc-

curred, and an examination showed that the repair had been negligently done, the case is for the jury.

Argued Oct. 28, 1908.   Appeal, No. 182, Oct. T., 1908, by defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1902, No. 1,034, on verdict for plaintiff in case of William O'Donovan, in his own right and for the use of the German Insurance Company of Freeport, Illinois, The Armenia Insurance Company of Pittsburg and the Home Insurance Company of New York, v. Philadelphia Company.   Before Mitchell, C. J., Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ.   Affirmed.

Trespass to recover damages for injuries to a house caused by an explosion of natural gas.   Before Macfarlane, J.

At the trial it appeared that on April 10, 1902, plaintiff's house was destroyed by an explosion of natural gas.   On the day before the accident gas was discovered in plaintiff's house, and a break was found in the service pipe in the street.   This break was repaired and the gas in the house ceased.   Subsequently the explosion occurred.   Three days afterwards gas again escaped from the pipes at the point where the break had occurred, and upon examination it was found that the repair had been improperly made.

The court submitted the case to the jury.

Verdict and judgment for plaintiff for $16,867.98.   Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*David A. Reed*, with him *Reed, Smith, Shaw & Beal* and *John Gates, Jr.*, for appellant.—There was not sufficient evidence to submit the case to the jury: Ott v. Boggs, 219 Pa. 614; Alexander v. Pennsylvania Water Co., 201 Pa. 252; Snodgrass v. Carnegie Steel Co., 173 Pa. 228.

*Wm. S. Dalzell*, of *Dalzell, Fisher & Hawkins*, with him *Chantler & McClung*, for appellee.—The case was for the

jury: Koelsch v. Philadelphia Co., 152 Pa. 355; Stoughton v. Natural Gas Co., 159 Pa. 64; Baker v. Gas Co., 157 Pa. 593; Heh v. Consolidated Gas Co., 201 Pa. 443; Henderson v. Allegheny Heating Co., 179 Pa. 513; Hartman v. Gas Co., 210 Pa. 19; Shirey v. Consumers' Gas Co., 215 Pa. 399.

OPINION BY MR. JUSTICE STEWART, January 4, 1909:

The plaintiff's evidence showed a condition existing a day before the accident, with respect to the gas main and service pipe, at the point of connection between the two—both under exclusive control of the defendant company—which resulted in an uncontrolled discharge of gas in the plaintiff's house. Had nothing been done to correct this condition, it will hardly be questioned that the explosion which so soon thereafter followed and wrecked the plaintiff's house, could have very safely been referred to this defective condition of defendant's line of pipes; that is to say, a cause adequate would have appeared, which, in the absence of any evidence of other sufficient cause, would have warranted a finding by the jury that the explosion resulted from the defect shown to have existed. This circumstance marks a clear distinction between the present case and that of Ott v. Boggs, 219 Pa. 614.

We held in the latter case that where the only evidence as to the cause of the accident is such as is derived by inference from conditions existing after the occurrence, and these conditions suggest several causes, either of which operating by itself would be adequate to the result, and the defendant is without responsibility except as to one, there can be no recovery unless the conditions point to the cause to which defendant's responsibility attaches, with such a degree of certainty as would justify a jury in finding it to be the approximate cause. The evidence in the present case as to conditions existing the day before the accident has decided significance. Except for this, the plaintiff's evidence would afford ground for conjecture as to the cause of the accident, but nothing more. The plaintiff's contention was that the break in the connection between the service pipe and the street main was improperly and negligently repaired, and that another break in the same place

occurred in consequence. To this circumstance he ascribes the explosion in his house. That the cause, if it existed, was adequate, must be regarded as fairly established. Did it exist? The third day after the explosion it was brought to the defendant's attention that gas was escaping from the pipes at the point where the break had occurred before; and upon examination it was found that what had been done by way of repair had been undone, and practically the same condition existed at that point as before had resulted in a flow of gas into plaintiff's house. Here were facts which at least furnished a basis for a reasonable inference that the cause of the explosion was the broken connection between service pipe and main; and this brought the plaintiff's injury within the relation of cause and effect legally to be attributed to the alleged negligence of defendant. This inference having arisen, it remained until overcome by countervailing evidence; and whether it was so overcome was a question for the jury. Defendant's effort was to overcome it by advancing other theories to account for the explosion, based largely, if not entirely, upon conditions found to exist after the accident. It cannot be said that either of the theories so advanced was without support; but this did not make the verdict of the jury conjectural as to the cause of the accident. The jury was specifically instructed that the defendant was not required to show how the accident occurred, but that that duty rested on the plaintiff; yet, they were told, if they found that it occurred in either of the ways suggested by defendant, the plaintiff could not recover; and further, that if plaintiff had not shown facts from which they could reasonably find what the cause was, that they could not render a verdict on speculation. The appeal raises a single question—should the motion for judgment non obstante veredicto on the whole record, have prevailed? We are of opinion that the motion was properly refused. The case was for the jury.

Judgment affirmed.