# St. Clair *v.* Edison Electric Light Company, Appellant.

*Negligence—Electric light companies—Explosion in conduit—Upheaval of street—Evidence—Presumption of negligence—Res ipsa loquitur.*

1. Where an electric light company in the exercise of its special franchises interferes with the ordinary right of the public to the injury of a citizen in the pursuance of that right by causing a violent upheaval in the street, a duty of explanation is on the company, when the place where the accident originated is beneath the ground in the exclusive care of the defendant, not accessible to the ordinary observation of persons outside, and if the thing can be explained at all that only can be done by the company. The doctrine of res ipsa loquitur applies in such a case, and the burden is on the defendant to disprove negligence.

2. In an action against an electric light company to recover damages for personal injuries, there is sufficient evidence of negligence of the

defendant, apart from the mere happening of the accident, to submit to the jury, where the plaintiff shows that his injuries were caused by the upheaval of a portion of the street where he was walking, that this was caused by the explosion in a conduit of the defendant, that a fire had been burning in the conduit for four hours before the accident with the knowledge of the defendant's superintendent, that defendant's employees removed the manhole covers letting in increased currents of air into the conduit without cutting off the electric current, although a fire official requested that it should be done, and that the letting of air into the conduit and continuing the electric current under the circumstances were in the opinions of persons expert in the business improper and dangerous acts.

Argued Oct. 7, 1908.   Appeal, No. 244, Oct. T., 1907, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1902, No. 2,396, on verdict for plaintiff in case of William G. St. Clair v. Edison Electric Light Company.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before SULZBERGER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $400.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*R. Stuart Smith*, with him *Charles E. Morgan*, for appellant.— The plaintiff failed to prove any negligence on the part of the defendant.

The plaintiff cannot recover in this action without proof of negligence: Kepner v. Traction Co., 183 Pa. 24; Aument v. Telephone Co., 28 Pa. Superior Ct. 610; Morgan v. United Gas Imp. Co., 214 Pa. 109; Morgan v. Duquesne Borough, 29 Pa. Superior Ct. 100; Sowers v. McManus, 214 Pa. 244.

*Samuel Galt Birnie*, for appellee.—The case is one which permits and requires an application of the principle of res ipsa

loquitur, and incidentally that the application of this principle is not dependent necessarily or exclusively upon the presence of any contractual relation between the parties to the litigation: East End Oil Co. v. Torpedo Co., 190 Pa. 350; Morgan v. Electric Company, 213 Pa. 151; Fitzgerald v. Electric Illuminating Co., 207 Pa. 118; Daltry v. Electric Light, etc., Co., 208 Pa. 403; Fitzgerald v. Edison Electric Illuminating Co., 200 Pa. 540.

OPINION BY HENDERSON, J., February 26, 1909:

The plaintiff's right to recover does not depend on an inference of negligence to be drawn by the jury from the happening of the accident alone. There was evidence not only that he was injured by the violent uplifting of a portion of the surface of a public street on which he was lawfully walking, but that this uplifting was caused by an explosion in an electric conduit owned and used by the defendant; that a fire had been burning in the conduit from seven o'clock in the morning or earlier until after eleven of the same forenoon; that the defendant had knowledge of this state of affairs and its superintendent was present with several employees of the company at seven o'clock in the morning and during the forenoon engaged in an effort to extinguish the fire. In so doing they removed manhole covers and thereby increased the current of air and gas in the conduit and admitted air thereto, during all of which time the currents of electricity were in action along the wires in the conduit. While the fire was in progress an assistant foreman of the fire department who was present asked the superintendent of the defendant to have the electric current shut off. This the superintendent declined to do, saying there was no danger and that it would deprive the patrons of light. Two or three small explosions occurred in the conduit before that which caused the plaintiff's injury. It was further shown by an electrical engineer conceded to be a competent expert that the opening of the manholes increased the danger and the likelihood of such an explosion as occurred and that it was recognized by those familiar with the subject as being a proper practice in such a case to smother out the fire by excluding air from the surface. It was also shown

that the continuance of the electric currents through the conduit while the fire was there made it more likely that an explosion would occur for reasons given by the witness. There was no testimony offered by the defendant and no contradiction, therefore, of the evidence for the plaintiff. Under this evidence it became a question of fact whether the defendant was negligent in keeping up the electric current in the conduit while the fire was in progress and in the manner adopted by its superintendent to extinguish the flame: Devlin v. Light Company, 198 Pa. 583; Sorrell v. Electric Traction Co., 23 Pa. Superior Ct. 425. The testimony of Professor Houston would justify the conclusion of a jury that if a different and well-known method of meeting the emergency had been adopted the accident to the plaintiff would not have occurred. The defendant is engaged in a business which calls for the exercise of the highest degree of practicable care and is bound to use the most approved methods in its management, and a failure so to do resulting in injury to one not connected with the company subjects the delinquent to liability for damages. It is not an excuse that the defendant called in the assistance of a portion of the fire department of the city to extinguish the fire, for this was not done until after the defendant's employees had been engaged for more than four hours in an effort to accomplish that result. The complaint is not of a mistake of the fire department, but of the omission to cut off the electric current and to close in the fire to the end that it might be smothered out by noncombustible gas generated by the fire. It was shown that the accident happened under certain conditions and surrounded by particular circumstances. These facts are more than evidence of the accident merely; they amount to evidence of negligence.

The learned trial judge submitted the case to the jury on the doctrine of the inference of negligence from the happening of the accident under the circumstances of the case. In the opinion on the defendant's rule for judgment non obstante veredicto, however, he expressed the view that there was evidence to take the case to the jury in addition to the occurrence itself. The position taken in the charge was that where the defendant in the exercise of a special franchise interfered with the ordinary

right of the public to the injury of a citizen in the pursuit of that right, the duty of explanation is on the defendant, when the place where the accident originated is beneath the ground in the exclusive care of the defendant, not accessible to the ordinary observation of persons outside; and if the thing can be explained at all that can only be done by the defendant. The jury was accordingly instructed that it was the duty of the defendant to explain the occurrence. It is a well-known principle of law that negligence is never presumed. Generally speaking, it must be affirmatively proved. There are exceptions to this rule, however, as in the case of an absolute duty or a contractual obligation for due care. The maxim, "res ipsa loquitur," expresses the law in such cases and permits an inference of negligence from the occurrence of the injury. There is another class of cases, however, where the rule has been applied where the circumstances were free from dispute and from which it appeared that they were under the exclusive control of the defendant, and that in the ordinary course of experience no such consequence happened as that complained of. This application of the doctrine was recognized in Transportation Company v. Downer, 78 U. S. 129, where it was said that an inference of negligence seldom arises from the simple occurrence of an accident, except where the accident proceeds from an act of such a character that, when due care is taken in its performance, an injury ordinarily ensues from it in similar cases, or where it is caused by the mismanagement or misconstruction of a thing over which the defendant has immediate control, and for the management or construction of which he is responsible. The principle is more explicitly expressed in Scott v. The London & St. Katharine Dock Company, 3 Hurlstone & Coltman, 596. There the plaintiff was injured on the street by bags of sugar falling from a crane by which they were lowered to the ground from a warehouse owned by the defendant, and the court said: "There must be reasonable evidence of negligence; but where the thing is shown to be under the management of the defendant or his servants and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by

the defendant, that the accident arose from want of care."
This statement of the law has been widely quoted and adopted.
It is cited with approbation in the case above referred to and in
Alexander v. Nanticoke Light Co., 209 Pa. 571. The same view
is expressed by the present chief justice of the Supreme Court
in East End Oil Co. v. Torpedo Co., 190 Pa. 350. It was there
said that where the duty is not absolute but arises in the ordi-
nary course of business it is essential that it shall appear that the
transaction in which the accident occurred was in the exclusive
management of the defendant, and all the elements of the oc-
currence within his control, and that the result was so far out of
the usual course that there is no fair inference that it could
have been produced by any other cause than negligence. To
the same effect are Rose v. Transportation Co., 11 Fed. Repr.
438, in which the subject is discussed by Judge WALLACE:
Shearman & Redfield on Negligence (5th ed.), 77; Bridges v.
Railway Co., L. R. 6 Q. B. 377; Shafer v. Lacock, Hawthorn &
Co., 168 Pa. 497; Fisher v. Ruch, 12 Pa. Superior Ct. 240; 1
Thompson on Negligence, sec. 15.

The case now under consideration comes within the latter
class. The defendant constructed the conduit under the street,
placed its apparatus therein, operated it according to its own
plans and methods and had exclusive control thereof. It was
not subject to other inspection or observation than that of the
defendant's employees. An accident happened, to wit: the up-
heaving of the street, an effect not usually attending a structure
such as the defendant maintained. It was an event so far out
of the usual course as to warrant the inference that it could only
have taken place because of negligence.

The appellant relies on Kepner v. Harrisburg Traction Co., 183
Pa. 24, and Aument v. Penna. Telephone Company, 28 Pa. Su-
perior Ct. 610, as authorities sustaining its position, but the dif-
ference in the facts distinguishes those cases from this. Each of
them related to a broken wire. In the first a horse was frightened
by electric sparks; in the second, a horse was killed by a broken
telephone wire which was in contact with a live electric wire.
There was nothing in either case except the solitary fact of the
broken wire from which an inference of negligence might be

drawn, and in the telephone company case it appeared that a violent storm had broken wires all over the city. The wires were open to the observation of every person near them, were subject to the action of the elements or to interference by strangers and could not properly be said to have been under the exclusive control of the owners. Nothing was presented tending to show that either of the companies had omitted any duty or neglected any means of guarding the public against possible injury. Tested by the rule applied in the foregoing cases the charge of the court was appropriate to the facts on the question of the inference of negligence. If there were any doubt, however, upon this point we think the case was clearly for the jury on the affirmative evidence introduced by the plaintiff tending to establish negligence.

The judgment is affirmed.

PORTER, J., dissented.