## Morris *v.* Keystone Telephone Company, Appellant.

*Negligence—Telephone company—Electric shock—Evidence—Case for jury.*

In an action by a woman against a telephone company to recover damages for personal injuries, the case is for the jury where the plaintiff, although contradicted by the experts of the defendant, testifies that she received an electric shock while using the defendant's telephone instrument, that such shock passed through the body, and caused the injuries which she particularly described.

Argued Oct. 17, 1912. Appeal, No. 108, Oct. T., 1912, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1910, No. 1,303, on verdict for plaintiff in case of Mary Morris, by her husband and next friend Lincoyer Morris, and Lincoyer Morris v. Keystone Telephone Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CARR, J.

Verdict and judgment for plaintiff for $1,500. Defendant appealed.

*Error assigned* was in refusing motion for judgment for defendant n. o. v.

*James Collins Jones*, for appellant.

*John R. K. Scott* and *William T. Connor,* for appellee.

PER CURIAM, November 18, 1912:

The single question raised by the assignments of error is, as correctly stated by appellant's counsel, whether the plaintiff produced sufficient evidence that she received an electric shock from the defendant's telephone instrument, and that such shock was the cause of the harm of which she complains, to justify the trial judge in submitting the case to the jury. She testified to receiving an electric shock which went through her body when she was using the telephone, and she described the way it affected her at the time and afterwards. The case could not have been withdrawn from the jury without rejecting her testimony as incredible. This it was not the province of the court to do. Notwithstanding the ingenious and able argument of appellant's counsel to the contrary, based to a large extent upon the expert testimony given by their witnesses, we are constrained to the conclusion that the question of the possibility of the happening of the shock and the resulting injury to which she testified, was not in its nature nor under the evidence produced a question to be determined by the court, but was a question of fact to be determined by the jury: Devlin v. Beacon Light Co., 198 Pa. 583; Whitehead v. Pittsburg Rys. Co., 230 Pa. 79. It is well settled that a judgment non obstante veredicto may be entered only in cases where binding direction to the jury would have been proper, and that upon appeal from the refusal to enter such judgment we must assume the existence of every fact essential to the plaintiff's recovery which the jury could have found from the evidence, and of every inference of fact which they could legitimately draw from the facts so found. Viewing the case in the light of these principles, we would not be warranted in disturbing the judgment entered on the verdict.

The judgment is affirmed.