# Cahill *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railway company—Getting on car—Passenger pulling bell—Oral testimony—Case for the jury.*

1. In a case against a street railway company to recover damages for injuries sustained by a woman from the premature starting of the car which the plaintiff was trying to get on, where the plaintiff and her witness, if believed, make out a prima facie case, even though she is unable to testify who pulled the bell, the case is for the jury, although the conductor testified that he did not pull the bell and another witness for the defendant testified that a passenger named, who was standing on the back platform, did pull the bell, and this evidence is uncontradicted. Such a case is not an exception to the general rule that, when proof of a fact depends upon oral testimony, it is the province of the jury to decide under instructions from the court as to the law applicable to the facts, and subject to the salutary power of the court to award a new trial, if they should deem the verdict contrary to the weight of the evidence.

2. Where a thing which causes the injury is shown to be under the management of the defendant, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence in the absence of explanation by the defendant, that the accident arose from want of care.

Argued Oct. 10, 1912. Appeal, No. 242, Oct. T.. 1911, by defendant, from judgment of C. P., No. 2, Phila. Co., Dec. T., 1906, No. 2,268, on verdict for plaintiff in case of Mary Cahill v. Philadelphia Rapid Transit Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY and PORTER, JJ. Affirmed.

Trespass to recover. damages for personal injuries. Before WILTBANK, J.

At the trial it appeared that on December 28, 1906, the plaintiff was injured by the premature starting of the car which she was trying to get on, in the city of Philadelphia. The circumstances of the accident are stated in the opinion of the Superior Court.

The trial judge charged in part as follows:

You are first to consider whether after all there was a man there named O'Brien. On this head I am bound to instruct you that in my view (although it is not to impress you at all in any way so as to affect your conclusion of fact), the evidence is in favor of the contention of the defendant that a man was on that platform named O'Brien. This, however, depends upon the testimony of another passenger who has stated that he knew him and had known him for some time, and that he saw him then at that place, and upon the testimony of the conductor who also has stated that upon making his inquiry as he got upon the platform, he was informed by O'Brien that he rang the bell, that his name was O'Brien, and that his address was as he then gave it. It would seem, therefore, that the weight of evidence is largely in favor of the contention that a man, O'Brien, was on the platform at the time, but I leave it to you to determine what is the value of the evidence given by those people, and it is your province to disregard it if you believe that the witnesses are not entitled to belief.

If the man O'Brien was not there that, of course, is the end of the question so far as it covers almost the entire case, but if he was there, did he ring the bell? That must be your next inquiry. If he did not ring the bell did any person, other than the authorized person, ring the bell? The conductor was the only one there authorized to ring that bell to start that car. Did any person other than the conductor, even although he were not O'Brien, ring that bell? If there was such other person, was he acting for the company legitimately? If he was acting for the company legitimately then he bound the company by his act, and the company must answer so far as it is liable for such act. If he was a representative of the company in that act you have evidence of negligence on the part of the company, and you may from that evidence reach the conclusion of fact that there was negligence and that the company would be liable in this case. The char-

acter of the act, so far as the power to perform it is concerned, would depend upon what I have suggested. It appears to be conceded that the bell was rung by somebody other than the conductor. Was it rung by somebody who was an entire stranger, and who was without any right whatever to ring it, or by somebody who was authorized to ring it, although not the conductor? If you find that the bell was rung by some one who was not authorized to ring it, who had no business connection with the management and running of the car, who had no sanction or authority to ring it from the conductor, then I instruct you that under the law you will find that there was no evidence of negligence in the company defendant in the starting up of the car. [4]

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Errors assigned* amongst others were (2) in refusing binding instructions for defendant, and (4) portion of opinion as above, quoting it.

*Bernard J. O'Connell,* for appellant.—The defendant is not liable for the consequences of the act of an unauthorized stranger in pulling the bell and starting the car, thus injuring a fellow passenger: Cohen v. Transit Co., 228 Pa. 243; O'Neil v. R. R. Co., 180 Mass. 576 (62 N. E. Repr. 983); McDonough v. R. R. Co., 95 N. Y. App. Div. 311 (88 N. Y. Supp. 609); Moore v. Ry. Co., 27 R. I. 450 (63 Atl. Repr. 313); Krone v. Ry. Co., 71 S. W. Repr. 712; Columbus & Indianapolis Cent. Ry. v. Farrell, 31 Ind. 408.

There was no presumption of negligence to weaken the undisputed testimony: Federal St. & Pleasant Valley Ry. Co. v. Gibson, 96 Pa. 83; Penna. R. R. Co. v. MacKinney, 124 Pa. 462; Thomas v. R. R. Co., 148 Pa. 180; Keller v. Ry. Co., 149 Pa. 65; Herstine v. R. R. Co., 151 Pa. 244; Ellinger v. R. R. Co., 153 Pa. 213; Fleming v. Ry. Co., 158 Pa. 130; Cline v. Rys. Co., 226 Pa. 586,

*John Martin Doyle*, with him *Eugene Raymond*, for appellee.—There was a presumption of negligence on the part of the defendant.

The conductor's duty was to prevent interference with the bell, and to be on the platform: Kennedy v. R. R. Co., 32 Pa. Superior Ct. 623.

The circumstances of the accident are evidence of defendant's negligence, and support the verdict: Shafer v. Lacock, 168 Pa. 497.

The testimony for the defendant was properly submitted to the jury, and judgment n. o. v. could not properly have been entered for defendant: Sloan v. R. R. Co., 19 Pa. Dist. Rep. 497.

OPINION BY RICE, P. J., February 27, 1913:

The plaintiff, a woman about fifty years of age, was injured in attempting to get aboard a car of the defendant at a street corner. Her testimony as to the circumstances was substantially as follows: After the car had come to a full stop, she took hold of the rail with her right hand and put her right foot on the step, but before she could get aboard the bell was rung and the car suddenly started. She then tried to climb on the car, but could not, and had to hop along on one foot about half a car length. She hung on as long as she could, when her grip loosened and she reeled round in the street and fell into a pool of mud and water, receiving the injuries for which she brought this action. The body of the car, as well as the platform, was crowded. She did not see the conductor and did not know where he was. Nor did she know who rang the bell or from what part of the car the cord was pulled. Her testimony, corroborated by that of George Harkins, a passenger, constituted her case in chief, so far as the circumstances of the accident were concerned.

In the presentation of its side of the case, the defendant adduced the testimony of the conductor to the effect that he had gone inside to collect the fares of passengers who had boarded the car at the street next below, and was on

his way to the rear platform to look after the safety of
passengers and the starting of the car; that he had gotten
two-thirds of the way toward the rear platform, when
some person on the platform, without the knowledge or
permission of the conductor, rang the bell for the car to
start; and that, when the signal was given and the car
started, the conductor immediately demanded to know
who pulled the bell, when some one on the car pointed
out a young man, who subsequently gave his name and
address. The defendant also adduced testimony tending
to show that it had made due effort to produce the young
man as a witness, but was unable to do so; it produced as a
witness another passenger who testified that the young
man who pulled the bell was a fellow passenger named
Peter O'Brien.

Assuming the facts to be as testified by the plaintiff
and her witness, and applying well-settled legal principles,
the starting of the car must be deemed a negligent act and
the proximate cause of the injury. Further, as the starting
of the car, after taking on and letting off passengers at
proper stopping places, was committed to the motorman
and conductor and was under their control, and as the
method and appliances for signaling the motorman to
start were selected by the defendant, the starting of the
car in this instance was an act which, in the nature of
things, the defendant reasonably would be expected to
be able to account for, and the plaintiff would not be.
Therefore, in the absence of evidence accounting for the
negligent act, the jury would be justified in concluding
that the employees of the defendant in charge of the car,
with authority to regulate its movement, were responsible
for it. It follows that the testimony of the plaintiff and
her witness, if believed by the jury, made out a prima
facie case, even though she was unable to testify who pulled
the bell. This is not inferring negligence on the part of
the defendant from the mere happening of the accident,
but is the proper application of the principle that, where
the thing which causes the injury is shown to be under the

management of the defendant, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care: Scott v. The London & St. Katherine Docks Co., 3 Hurlstone & Coltman, 596; Shearman & Redfield on Neg., secs. 59, 60. This statement of the law has been widely quoted and adopted, and, as shown by our Brother HENDERSON in St. Clair v. Edison Elec. Light Co., 38 Pa. Superior Ct. 228, has been cited with approbation in several well-considered Pennsylvania cases. The principle was practically recognized and applied in the recent case of Tilton v. Phila. Rapid Transit Co., 231 Pa. 63, and would have been plainly applicable here if the case had rested where the plaintiff's testimony left it. Evidently recognizing the principle, and appreciating the inference which the jury reasonably could draw from the unexplained act, the defendant adduced testimony to show that the bell was rung, not by the conductor, but by an unauthorized passenger, and the learned trial judge instructed the jury that, if that was the fact, the plaintiff could not recover. This instruction was in accordance with the rule enunciated in Cohen v. Phila. Rapid Transit Co., 228 Pa. 243, that a carrier is not liable to a passenger injured while boarding a car, by the premature starting of the car by an unauthorized passenger. But it is urged that the court ought to have gone farther and given binding direction for the defendant for the reason that the testimony of the defendant's witnesses upon this point was uncontradicted; and, in support of this contention, counsel also cite the Cohen case. It is to be noticed, however, that what was said in that case upon the subject of binding direction was said with reference to the particular facts of the case, and we do not understand the decision as laying down a general rule that would require binding direction under the evidence in this case. The evidence adduced by the defendant in that case was exceptionally

strong. Three witnesses testified that McCausland pulled
the bell, one of whom was McCausland himself. His
testimony was entitled to great weight, because it was
against interest, and because, also, it related to an act of
his own. There was nothing to discredit him, or to dis-
credit the testimony of the other two witnesses, in any
material part of it. Here, the defense rests on the tes-
timony of the conductor that he did not pull the bell; and
the testimony of another witness that O'Brien did. Whilst
the testimony of the latter witness upon this particular
subject was not contradicted, it was in conflict with the
testimony of the plaintiff and her witness in an important
particular, namely, as to her exact position at the time
the car started. A jury could scarcely be said to act
capriciously in considering that if he was mistaken in that
particular he might have been in other particulars as well.
It is to be observed further, that there is no ground for
presumption that, if the fact was not as testified by the
defendant's witnesses, the plaintiff would have denied it
by her testimony. She was not in position to know, and
therefore nothing can be taken against her because she
did not thus testify in contradiction. Further, consid-
erable significance is to be given to the opportunities
that the trial court had to observe the manner, intel-
ligence, and strength of recollection of the witnesses. For
these and other reasons, we cannot say that the court
committed error in refusing to charge imperatively that
the testimony of the defendant's witnesses must be taken
for verity because it was not contradicted by direct tes-
timony. Enough appeared in the case to fairly put the
credibility of the witnesses in issue, and, therefore, to
warrant the court in submitting that question to the jury:
Second Nat. Bank of Pitts. v. Hoffman, 229 Pa. 429, and
cases there cited. There are exceptions to it, it is true,
but we are all of opinion that this case is not an exception
to the general rule that, when proof of a fact depends upon
oral testimony, it is the province of the jury to decide,
under instructions from the court as to the law applicable

to the facts, and subject to the salutary power of the court to award a new trial if they should deem the verdict contrary to the weight of the evidence. Many of the cases supporting this rule, beginning with Reel v. Elder, 62 Pa. 308, are cited in Colonial Trust Co. v. Getz, 28 Pa. Superior Ct. 619; and, amongst cases decided since that time, may be mentioned Bartlett v. Rothschild, 214 Pa. 421; Perkiomen R. R. Co. v. Kremer, 218 Pa. 641; Fry v. National Glass Co., 219 Pa. 514; Duffy v. York Haven Water & Power Co., 233 Pa. 107; Tucker v. McMenamin, 48 Pa. Superior Ct. 553. It follows that the request for binding direction was properly refused. This was the only question orally argued, and the only question presented in the appellant's statement of questions involved. There are some assignments of error, however, to certain portions of the charge. We have given full consideration to these and, without discussing them at length, conclude that the instructions cannot be justly complained of by the defendant.

The assignments of error are overruled and the judgment is affirmed.