216    119
f219    245

# Trout *v.* Waynesburg, Greencastle & Mercersburg Turnpike Road, Appellant.

*Negligence—Turnpike road—Proximate cause—Evidence.*

In an action against a turnpike road company to recover damages for personal injuries it appeared that the plaintiff and another man were driving along a stretch of the defendant's road, on one side of which was a precipice which was not protected by a guard rail. On the opposite side was constructed a chute at right angles with the road. This chute was used in carrying wood down the mountain. As the buggy was opposite the chute a piece or several pieces of cordwood came down the chute with a loud noise. One of these pieces either struck one of the horses, or struck immediately

in front of them. The horses dashed or sprang towards the precipice. The wheels on the right-hand side of the buggy went over the unprotected edge of the precipice. The buggy tilted or slanted at a considerable angle in the direction of the precipice. The plaintiff, a very heavy man, instantly threw himself over towards the left against his companion, forcing the latter out of the buggy. The plaintiff was later found by his companion lying unconscious near the middle of the road forty or fifty feet away from the place where the companion had fallen. It also appeared that the wheels of the buggy were over the edge of the road for only a distance of three feet before they recovered the roadway. There was no evidence to show at what point plaintiff fell from the buggy. *Held,* that under the evidence the defendant company was not liable for the injuries sustained.

Argued May 22, 1906. Appeal, No. 4, May T., 1906, by defendant, from judgment of C. P. Fulton Co., June T., 1899, No. 57, on verdict for plaintiff in case of N. C. Trout and C. N. Trout, Executors of William F. Trout, deceased, substituted plaintiffs for the deceased, v. The President, Managers and Company of the Waynesburg, Greencastle & Mercersburg Turnpike Company. Before MITCHELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before SWOPE, P. J.

The facts relating to the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $3,600. Defendant appealed.

*Error assigned,* amongst others, was refusal of binding instructions for defendant.

*D. Watson Rowe,* with him *J. Nelson Sipes* and *O. C. Bowers,* for appellant.—The turnpike company is responsible only for the safe condition of its roadway within its proper limits; and is not liable even for defective conditions of road which did not contribute in any way to an accident or injury caused by another: Schaeffer v. Jackson Twp., 150 Pa. 145 ; Dixon v. Butler Twp., 4 Pa. Superior Ct. 333, 340 ; Haines v. Barclay, 181 Pa. 521.

The want of a guard rail was not the proximate and responsible cause of the injury; and it would be speculative in the

extreme to attempt to differentiate in view of the facts and circumstances of this case, between the extent of the injury which Dr. Trout did receive and that which he probably would have received if the guard rail had been erected along the declivity opposite the wood chute, and the jury could not be permitted to speculate, as to whether the injury would have been greater or less if a proper guard rail had been placed there, and therefore the absence of a guard rail at the point mentioned is wholly immaterial: Elliott v. Allegheny County Light Co., 204 Pa. 568.

*Sharpe & Elder*, with them *W. Scott Alexander*, for appellees. —The case was for the jury: Born v. Plank Road Co., 101 Pa. 334; Burrell Township v. Uncapher, 117 Pa. 353; Kitchen v. Union Township, 171 Pa. 145; Plymouth Township v. Graver, 125 Pa. 24.

OPINION BY MR. JUSTICE STEWART, June 27, 1906:

However negligent the defendant may have been in the maintenance of its roadway, its negligence in this regard can avail plaintiff only as it is shown to have been the proximate cause of the accident from which the injuries complained of resulted. This practically eliminates from consideration the circumstance that on the side of the road close by where the accident happened, there was an accumulation of wood, deposited there from a chute on the mountain. Doctor Trout's injuries resulted primarily from the frightening of the horses he was driving; this is conceded. It is not pretended that the wood occasioned the fright, therefore it is not an element in the case. For present purposes we adopt the facts contained in appellees' history of the case. " Just as they (Dr. Trout and Wissner, who was in the buggy with him) were passing around the wood, and were opposite the mouth of the chute, a piece or several pieces of cord wood came down the chute with a loud noise. One of these pieces of wood either struck the left-side horse, or struck immediately in front of him. The horses dashed or sprang towards the precipice. The wheels on the right-hand side went over the unprotected edge of the wall. The buggy tilted or slanted at a considerable angle in the direction of the precipice. Dr. Trout, a very heavy man, instantly threw him-

self over towards the left against Wissner, forcing Wissner out of the buggy. Dr. Trout was found by Wissner, lying unconscious near the middle of the road, forty or fifty feet away from the place where Wissner had fallen." There was evidence in support of each fact contained in the above statement; one fact however, important to consider and to which we refer later on, is omitted. The cause of the fright, on plaintiff's own showing, was either the noise made by the timber in coming down the chute, or the striking of several pieces of timber upon the opposite side of the road from the chute, against one of the horses or in their immediate front. If it was the noise, it will hardly be contended that this was a matter for which the defendant could be held accountable. This feature of the case calls for no discussion; the defendant was not responsible for the noise, and had neither the right nor the power to suppress it; the chute was not on its land, and its operation, with the noise as a necessary incident, was as legitimate as the use of defendant's road with its noise. If it was the latter cause, the casting of one or more pieces of timber over and upon the only side of the road open and unobstructed, and striking the horses or in front of them, it is quite as difficult to see how liability could attach to the defendant in such case; it was not the act of the defendant; if it was a negligent act, the party operating the chute would be properly chargeable with its consequences, but this negligence cannot be imputed to a third party except some privity be shown. It is urged that defendant, knowing that in the operation of the chute on the abutting owner's land, there was danger of an occasional piece of wood being thrown upon the opposite side of the road, owed a duty to the traveling public to erect a barrier somewhere on the highway to protect travelers from just such accidents as here occurred. To this we cannot agree. It is carrying the doctrine of legal duty beyond any limit it has yet reached. One is required to use, employ and maintain his own property in such a way that it shall not injure another, and this duty rests upon all alike; but there is no rule of law requiring the individual to so secure and maintain his property that trespassers, in their unlawful use of the same, may not inflict injury upon others. Any such rule would not only be unreasonable, but wholly impracticable.

This brings us to the final question—the primary cause of the accident being the fright of the horses, for which defendant was not responsible—was there an intervening, self-operating cause for which defendant was responsible and of which negligence may be affirmed? There is the fact that the outer wheels of the buggy were carried over the unprotected edge of the road as the result of the horses' fright. Assume that this could not have occurred had there been a guard rail at that side of the roadway, how does the evidence connect the circumstance that the wheels went over the edge of the road, with the final accident from which the injuries resulted, so as to make it the proximate cause? An important fact not heretofore alluded to, and one necessary to a proper understanding of the case on this point, should here be mentioned: the wheels were over the edge of the road for only a distance of about three feet before they recovered the roadway. This is testified to by a witness for the plaintiffs, Mr. Little, and his testimony on the subject stands alone and is uncontradicted.

Were this an action by Wissner, who at this point was thrown from the buggy by Dr. Trout's effort to avoid being carried down the precipice, it might be argued with much reason, that the absence of the guard rail at this place was the immediate proximate cause of any injury he was shown to have sustained in his fall. Had the guard rail been there, the wheels would not have gone over the edge, and the effort that threw him from the buggy would not have been necessary and would not have occurred. With like reason and with equal force it could be so argued with respect to Dr. Trout, if there had been any evidence that would have warranted the jury in finding that he sustained his injuries at this point of time and place. In such case the injury would be traceable directly to the absence of the guard rail as the efficient cause. But no one saw him fall from the buggy; he alone knew when and where it occurred. When Wissner found him he was lying in the middle of the road at least forty feet above the place where the wheels were over the edge; the buggy was found some distance beyond uninjured and intact. Under such circumstance how can his accident be referred to the passing of the wheels over the edge of the road? How could such circumstance have contributed to the accident? The appearance of the injured

man and the condition of his clothing might afford a basis for conjecture that he had been dragged some distance after his fall; but more than conjecture, even though it be not unreasonable, is required as a basis for recovery. The burden in such cases is always on the plaintiff to show the causal connection between the accident and the negligence alleged. This may be done by showing facts and circumstances from which the connection may be inferred by process of rational deduction, but never by speculation. Admitting that the evidence warranted an inference that the injured man had been dragged, what is there to warrant the further inference that would have to be supplied somehow before liability could attach to the defendant, that he had been dragged from the place where the wheels passed beyond the edge of the road? Except as he fell from the buggy at that point, in consequence of this particular circumstance of the wheels· being off the road where a guard rail would have prevented such an occurrence, the accident cannot be attributed to the negligence alleged. When the buggy regained the roadway uninjured, whatever peril Dr. Trout had encountered because of the absence of the guard rail, had been safely passed. To the frightening of the horses as both the primary and proximate cause, this unfortunate accident must be referred. The evidence justifies no other conclusion.

Since for this defendant was not liable, there was nothing to submit to the jury, and the defendant's fourth and fifth points asking for binding instructions should have been affirmed.

The assignments of error based on their objection are sustained, and the judgment is reversed.