# Faulkner v. Delph Spinning Company, Inc., Appellant.

*Negligence — Master and servant — Dangerous machinery — Guards—Act of May 2, 1905, P. L. 352, Section 11—Charge of court—Erroneous instructions.*

1. The case was for the jury in an action of trespass to recover damages for injuries to plaintiff's hand, which was drawn into the

unguarded cog-wheels of a spinning machine about which plaintiff was working, where plaintiff testified that the wheels were so close to the frame enclosing the machine that "if you just put your foot out, you would catch your dress"; that at the time of the accident a piece of waste which she had in her hand fell upon a shaft, to which one of the cog-wheels was attached and became caught in the shaft, that in trying to grab the waste while the machinery was in motion, her hand was caught in the cogs whereby the injuries complained of resulted, although defendant offered evidence not contradicted or impeached, that by actual measure, there was a space of eighteen inches between the front of the frame of the machine, and the nearest surface of the cogs, so that the cogs were entirely safe as to plaintiff, and were not, therefore, unguarded within the meaning of the Act of May 2, 1905, P. L. 352, Section 11.

2. Where in such action defendant's evidence tended to show that the shaft and cogs were not located near the front of the frame, but were so far within that the waste could not have fallen upon the shaft or cog-wheels as alleged by plaintiff, an issue of fact was raised, which, if determined in defendant's favor, would have overcome plaintiff's prima facie case, although the negligence of the defendant in not guarding the machinery should be conceded, and it was the duty of the court so to instruct the jury.

3. Where, at the trial of such action, photographs of the machine were admitted in evidence which were unsatisfactory if not actually misleading, except as explained by further evidence in the case and the trial judge charged the jury that "There is an Act of Assembly in this State which requires every manufacturer and factory to have their cog-wheels properly guarded; it is alleged by the plaintiff in this case that this cog-wheel was not so guarded. You have seen the photograph of it and you will determine whether it was or whether it was not," but ignored the other evidence relating to the location of the cog-wheels, and failed to charge further, as to negligence, the jury were left without instruction as to what the duty of the defendant was in the premises and as to what would constitute negligence on its part.

4. Where in such case a witness for defendant testified that immediately after the accident, plaintiff admitted that she had been cleaning the machine, but the defense was not that the accident had so happened, but that it did not and could not have happened in the way described by plaintiff, it was error to so charge the jury that they must necessarily have understood that the plaintiff was entitled to recover unless defendant's evidence satisfied them that plaintiff had received her injury when engaged in cleaning the machine while it was in motion.

Argued Jan. 13, 1914.   Appeal, No. 311, Jan. T., 1913, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Sept. T., 1912, No. 4956, on verdict for plaintiff in case of Mary A. Faulkner, by her next friend, Margaret J. Howard, v. Delph Spinning Company, Incorporated.   Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.   Reversed.

Trespass to recover damages for personal injuries. Before HALL, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,000, and judgment thereon. Defendant appealed.

*Error assigned,* among others, was the fourth assignment which complained of the charge to the jury as erroneous, inadequate and misleading.

*Henry Spalding,* with him *Edward W. Fell,* for appellant.

*John J. McDevitt, Jr.,* with him *John C. Bell,* for appellee.

OPINION BY MR. JUSTICE STEWART, April 13, 1914:

The plaintiff, a girl of seventeen years, was a cone-winder in the employ of the defendant company.  The work assigned her was to walk back and forth in front of a spinning machine, remove the waste material as it gathered, tie up the threads or ends where broken, and generally to see that the machine was kept busy in winding the yarns on the spools.  Underneath an iron frame which extends along the length of the machine there is a series of wheels attached to a revolving shaft.  Dividing these, in the center of the frame, are two cog wheels, one on the driving shaft, the other on an upright shaft. This part of the machine is exposed to view, and is without physical guard of any kind, and, according to plain-

tiff's testimony, these cog wheels are close to the front of the frame of the machine where plaintiff stood at the time of the accident, so close, as she expressed it, that "if you just put your foot out you could catch your dress, it was so near the front." Her narrative is that at the time of the accident she had a piece of waste in her hand which she had gathered, that this waste suddenly dropped from her hand and falling upon the roller underneath got caught in the shaft, that she tried to grab it as the roller was revolving, and that it took her hand around as well and drew it into the cog wheel, with the result that she lost several of her fingers. It is impossible to derive any other meaning from the narrative than that the waste as it left her hand fell outside the frame of the machine. If, as she testified, the roller and cogs were close to the front of the frame, there would be nothing improbable in the statement that the waste had fallen upon the roller. The significance of this will appear later. We start then with a prima facie case made out by the plaintiff, the negligence charged being failure to properly guard the cogwheels which inflicted the injury. The defense was two-fold. First, with a view to disprove negligence on the part of defendant, evidence was introduced to show, by actual measure, not impeached or contradicted in any way, that these cogwheels are on a shaft twenty-one inches back from the frame of the machine, and are but six inches in diameter, leaving a clear space of eighteen inches between the front of the frame and the nearest surface of the cogs. Upon this state of facts it was argued, following the doctrine of McCoy v. Wolf, 235 Pa. 571, that having regard to the nature and character of the employee's duty, the particular machinery which inflicted plaintiff's injury—the cogwheel—was so distant from the place where plaintiff was employed as to render it entirely safe as to her, and was therefore not unguarded within the meaning of the statute. Allowing the argument its full legitimate force it could prevail no further

than to carry this particular question to the jury, and to this extent it was allowed to prevail. The second line of defense was a deduction from the same evidence as to the actual location of the shaft and cogwheels with respect to the position occupied by the plaintiff when at work, and the argument is that with the shaft and cogs from eighteen to twenty-one inches within the frame of the machine the accident could not have happened in the way described by the plaintiff; that the waste could not have fallen upon either shaft or cog, and that therefore plaintiff must have been otherwise engaged than in an endeavor to recover the fallen waste when her hand came in contact with the cogwheels. The purpose of the evidence was to overcome plaintiff's prima facie case. If it did overcome it in any material respect—and that would be a question for the jury to determine—the effect would be the same as though plaintiff had failed in the first instance. Plaintiff's prima facie rested wholly and exclusively upon her own testimony; she alone testified to the circumstances under which she received her injury. Conceding the negligence of the defendant, her prima facie was still incomplete except as it showed circumstances attending the accident which gave rise to no presumption of negligence on her part. She detailed circumstances which left her clear of contributory negligence. If the accident did not happen in the way she said it did, that is, if the evidence on part of the defendant overcame that of plaintiff in this respect, the circumstance attending the accident would at best be the subject of conjecture only, and the plaintiff's prima facie case would then be incomplete and recovery impossible. At most the evidence would then show a possible connection between defendant's alleged negligence and the injury, and a verdict founded on such a state of facts would be no more than a mere guess. Ford v. Anderson, 139 Pa. 261. We have said enough to indicate the true issues in the case. How far these were obscured in the

charge in which the case was submitted to the jury we shall endeavor to make plain. First, as to the defendant's negligence: the only instruction as to this appears in the following excerpt from the charge: "There is an Act of Assembly in this State which requires every manufacturer and factory to have their cogwheels properly guarded. It is alleged by the plaintiff in this case that this cogwheel was not so guarded. You have seen a photograph of it, and you will determine whether it was or whether it was not." The inadequacy of this instruction is too apparent to call for discussion. Two photographs of this spinning machine were admitted in evidence. Our own examination of them has shown how unsatisfactory, if not actually misleading, they may be except as they are viewed and studied in the light of the evidence offered explaining them. But aside from this, no matter how illuminating they might in themselves be, to submit the question of defendant's negligence on this one piece of evidence, ignoring all the other evidence in the case, and that without any instruction whatever as to what would constitute negligence on the part of the employer in such a case as this, was to leave the jury without guide or compass. It was the plain duty of the court to have instructed the jury clearly and distinctly as to the duty of the defendant in the premises, and failure to do so was error. Hayes v. Penna. R. R. Co., 195 Pa. 184. On the second issue the charge is open to still more serious objection; it was an inaccurate statement of the issue. On the trial the defendant called a witness who testified that he was the first to run to plaintiff's relief, that he had found her lying down and bleeding, and said to her, "Mary, what have you been doing? Have you been cleaning?", and that to this she said, "Yes," and fainted and cried. Plaintiff denied that she had been cleaning the machine, and further that she at any time said that she had been so engaged. The evidence on the subject was for the consideration of the jury, in connection with any other evidence in the case

that affected the credibility of the plaintiff in connection with her statement on the witness stand as to how the accident occurred. The defendant's exemption from liability did not depend on its ability to show how the accident occurred. Its whole effort was to show that it could not have occurred in the way the plaintiff described, and yet this is the way the issue was submitted: "The defense in the case is that, as this injury happened not on the part of the machine on which she was engaged, but in another compartment, she must have been engaged at the time that it happened, from the very nature of affairs, in cleaning the machine while the machine was in motion. That is the defense. There is no direct evidence that she was engaged in cleaning her machine, because no one seems to have seen this accident actually occur, but the defense claims, from all the facts and circumstances of the case, and from the nature of the machine on which she was working, that she must, in order to quit her work earlier in the day, have disregarded what they say were the plain instructions they gave, particularly that she must not clean the machinery in motion.......We will say to you that if you believe that to have been the state of affairs, if you believe that she was instructed not to clean the machinery in motion, and that notwithstanding such instructions she did undertake to do so for any reason, and that while so engaged she received this injury, then your verdict should be for the defendant, because that would be contributory negligence upon her part, and she would not be entitled to recover under such circumstances. If you believe, however, that in the ordinary course of her employment and without disregard of such instructions as I have described to you she received this injury, the verdict would be for the plaintiff, because she is a young girl and her employers were charged with the duty of furnishing her with a safe place to work, and with warning her of any dangers connected therewith. They were also charged with the statutory duty of properly guarding

all machinery, all cogs and things of that kind, by which she might suffer injury." As thus submitted the jury must have understood the instruction to mean that the plaintiff was entitled to recover unless the evidence adduced by the defendant satisfied them that she had received her injury when engaged in cleaning the machine while it was in motion. While this theory as to the happening of the accident was advanced by the defendant, it did not constitute the defense set up. The defense was not that it had so happened, but that it did not happen, and could not have happened, in the way described by the plaintiff. It was not for the defendant to show that it happened in a way that would exempt it from liability, except as plaintiff's evidence had involved it in liability. The only question on this branch of the case was, could the jury on a review of all the evidence, with reasonable certitude, conclude that the injury happened in the way and under the circumstances described by the plaintiff? If they could, then, provided they found as well that defendant was chargeable with negligence, plaintiff would be entitled to recover; if they could not, the accident remained unexplained, and no basis was furnished for a recovery.

The fourth assignment of error is that the charge of the court as a whole was erroneous, inadequate and misleading. This assignment we sustain for the reasons above stated.

The judgment is reversed and a venire facias de novo is awarded.