# Doud et ux. *v.* Hines, Director General, Appellant.

*Negligence—Railroads—Passengers—Presumption from accident —Res ipsa loquitur—Sinking of roadbed—Change of temperature —Duty to foresee—Charge of court—Preponderance of evidence.*

1. On an appeal from a judgment secured by a passenger against a railroad for personal injuries, an isolated portion of the charge is no ground for reversal, where the language of the charge as a whole could not have been construed by the jury as placing a greater burden on defendant than was already fixed by the decisions of the Supreme Court.

2. In such case, it is not error to charge that the burden is on defendant to overcome the presumption of negligence, arising from the accident, by a "preponderance of the evidence."

3. Where the accident is alleged by defendant to have been due to a sinking of the roadbed, and testimony is offered to show that

the condition was brought about by an extraordinary change of temperature, the court commits no error in refusing to charge that if the jury believed such testimony, the verdict should be for defendant. It is for the jury to say whether defendant should have foreseen such change in temperature.

Argued January 3, 1921.   Appeals, Nos. 40 and 41, Jan. T., 1921, by defendant, from judgments of C. P. Crawford Co., Sept. T., 1918, Nos. 64 and 65, on verdict for plaintiffs, in cases of William A. Doud v. Walker D. Hines, Director General of Railroads, and Edith Doud and William A. Doud, her husband, v. Walker D. Hines, Director General of Railroads. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before PRATHER, P. J. The opinion of the Supreme Court states the facts.

Verdict and judgment for Edith Doud for $6,000 and for William A. Doud, her husband, for $3,500 in No. 65, and for William A. Doud for $2,109.50 in No. 64. Defendant appealed.

*Errors assigned* were, among others, (1, 2, 8) instructions, quoted in the opinion of the Supreme Court.

*S. Y. Rossiter,* for appellant.

*Albert L. Thomas,* for appellee.

OPINION BY MR. JUSTICE FRAZER, February 14, 1921:

Plaintiffs were injured on February 6, 1918, by the derailment of a train, operated by defendant, on which they were passengers. The defense relied upon was that the accident was not due to defendant's negligence but was the result of extraordinary weather conditions, consisting of extreme cold weather followed by a sudden thaw, resulting in the roadbed first expanding and later settling unevenly and causing the derailment and over-

turning of the water tank attached to the engine, and the car in which plaintiffs were riding. The trial judge submitted the case to the jury who found in favor of plaintiffs and defendant has appealed, assigning as error various parts of the charge and refusal of binding instructions for defendant or of entry of judgment non-obstante veredicto.

The first assignment complains that the trial judge erred in charging, "So you will see that the railroad company does not insure the safe transportation of the person riding on its road, but it does guarantee that it has done the utmost that human reason would require, to avoid just such conditions that give rise to accidents; and therefore that it has attempted to comply with the contract by the exercise of extreme diligence as to anything that human reason would suggest as necessary under the circumstances to make the condition of safety that the law requires." The argument is that the language quoted substitutes, for the standard of highest degree of practical care and diligence, as laid down by former decisions of this court, a standard limited only by the possibilities of human reason. When we consider the language complained of in connection with that immediately preceding and in which the court defined the measure of care imposed on defendant by quoting from the opinion of this court in Meier v. R. R., 64 Pa. 225, it is apparent that all the trial judge undertook to do was to repeat in his own language the substance of the rule laid down in that case which placed on defendant "the highest degree of practicable care and diligence" in avoiding accidents to passengers. At the end of the charge the trial judge affirmed points to the effect that defendant was not responsible for extraordinary conditions it could not foresee or over which it had no control, and charged the burden was on defendant to account for the accident by showing it was the result of a condition or happening beyond its control and ability to prevent or provide against. Viewed as a whole, the lan-

guage of the trial judge could not have been construed by the jury as placing a greater burden on defendant than was already fixed by the decision referred to by him, as well as by other decisions of this court, holding a carrier liable for all matters "against which human prudence and foresight may guard" (Laing v. Colder, 8 Pa. 482) or as relieving it from liability only where shown to have resulted from something "against which no human foresight and prudence could provide": Sullivan v. R. R., 30 Pa. 234; Phila. & Read. R. R. v. Anderson, 94 Pa. 351.

Defendant also complains of that part of the charge in which the trial judge instructed the jury the burden was on defendant to overcome the presumption of negligence, arising from the accident, by a "preponderance of the evidence," and that "it must, by a fair weight of the evidence, satisfy you that it has complied with that high degree of duty that the law casts upon it." It is difficult to see how a presumption could be successfully rebutted except by a preponderance of the evidence. While it is true the burden the law casts upon one having the affirmative of an issue, to prove it by a preponderance of the evidence, generally remains on the plaintiff throughout the case, it is also true that burden shifts to the defendant when he sets up an affirmative defense. In this case the burden was on plaintiff to prove the cause of the injury and the circumstances attending it so as to connect the accident and injury: Green v. R. R., 219 Pa. 241. On doing this a presumption of negligence arose and thereupon the burden was shifted to defendant requiring it to show the use of the care and diligence above described: Stearns v. Spinning Co., 184 Pa. 519. The presumption of negligence continued to stand, however, until overcome by proof offered by defendant and whether or not it met that requirement was for the jury to say: Penna. R. R. v. Weiss, 87 Pa. 447; McCafferty v. R. R., 193 Pa. 339; Kane v. Phila., 196 Pa 502. Though plaintiff offered no evidence to contradict that offered by defendant as to the cause of the accident, it re-

mained for the jury to say whether the explanation offered by defendant indicated the use of proper care in the maintenance of its roadbed and thus overcame the presumption of negligence. It would have been error, consequently, for the trial judge to have affirmed defendant's eighteenth point, which was as follows: "If the jury believe the testimony of the witnesses, Custer, Bentley and Ayres, that the change in temperature did take place and that it was an extraordinary change of temperature, and that that change was the proximate cause of the accident, then the verdict should be for the defendant." Conceding the facts stated, it was, nevertheless, for the jury to say whether defendant should have anticipated or foreseen such change in temperature. The jury might also have concluded the explanation given by the witnesses in question was not convincing; that it was the previous extreme cold, extending over a period of time, rather than the thaw which was only a matter of hours, and apparently of insufficient duration to materially affect the frozen condition of the ground, which was the real cause of the disturbance, and which should have been foreseen. In any event, the case could not have been withdrawn from the jury.

The judgment is affirmed.