MacDonald, Admrx., Appellant, *v.* Pennsylvania Railroad Co.

MacDonald, Appellant, *v.* Pennsylvania Railroad Co.

Argued January 11, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*William T. Connor,* with him *John R. K. Scott* and *Hardie Scott,* for appellant.

*Philip Price,* with him *Scott Seddon* and *Barnes, Dechert, Price & Smith,* for appellee.

OPINION BY MR. CHIEF JUSTICE MAXEY, March 20, 1944:

This is an appeal from the action of the court below in entering judgment for defendant n. o. v. The plaintiff recovered a verdict of $2,500. for herself individually and $7,500. as administratrix of the estate of Donald R. MacDonald, a nine months old child who was killed on March 16, 1941, while a passenger on defendant's train.

The latter was derailed while running along the banks of the Ohio River near Baden, Pa. The two cases were consolidated for trial.

The plaintiff made out a prima facie case by proving that the child was killed while a passenger in the defendant's wrecked railroad car. The burden of either coming forward with defensive evidence of a convincing character or suffering an adverse verdict then shifted to the defendant. The defense offered was that the wreck which caused the derailment of the train was due exclusively to sabotage. This proof of sabotage was not controverted. Seventeen witnesses who examined the track at the place of derailment at periods varying from a few minutes after the wreck to an hour or more thereafter, testified that they found lying in the middle of the track on which the train had been running a loose rail, in a position parallel to the tracks, and with its west end immediately opposite the east end of the last rail remaining in place, and that this loose rail showed unmistakable evidence, inherent in the surrounding physical conditions, of having been deliberately removed from its former position by some agency in no way connected with the defendant company. The facts which tended to show that the rail had been deliberately misplaced were "clean and even" bolt holes, clean spike holes at the point of the rail's original location, marks of scraping along the other edge of the base of the rail as it lay on its side, "the batter on the west end", indicating that it had been partially loosened before the passage of the next preceding train, and the finding in a location directly opposite to their normal position in the track of the undamaged angle bars, spikes and bolts as well as the finding, in the same location, of the claw bar and wrench with which the loose rail had obviously been removed. Five witnesses testified to circumstances which clearly indicated that the displaced rail had been removed prior to the wreck. All this uncontradicted oral testimony if credited showed that the derailment

was caused by the malicious removal of a rail by unknown felons.

Appellant's contention is that "a showing of the derailment of the train on which the plaintiff and her son were riding raised a presumption of negligence" against the defendant and that the latter then had the burden of showing, "that it used due care in the operation of its train, and that it kept its roadway in proper order and repair. Whether the evidence offered by the defendant sustained its position, that it used due care, and that it properly inspected and oversaw its roadway, was a question which could be determined only as a factual one by a jury." Our decision is that while the testimony offered by the defendant was uncontradicted, the credibility of the testifiers was for the jury, and under our established procedure the entry of judgment for the defendant n. o. v. was error.

The "incontrovertible physical facts" rule, relied upon by the appellee, does not apply to this case. It is properly applied "when with the certainty of an infallible mathematical test applied to the testimony of a witness, he is found to be mistaken in a material matter, it would be a travesty upon justice to allow a jury to consider such testimony and a license to them to render a false, instead of a true finding . . .": *Bornscheuer v. Traction Co.*, 198 Pa. 332, 334, 47 A. 872. It is customarily applied in those actions in trespass where the testimony of a plaintiff (or in his behalf) would carry the case to the jury if it was not completely discredited by some *physical fact* introduced into the case with mathematical certainty or open to visual inspection or both. This rule appears to be invoked successfully only in support of a challenge to plaintiff's freedom from contributory negligence. It was so invoked in the following three cases cited by the appellee: *Hawk v. Pennsylvania R. R.*, 307 Pa. 214, 160 A. 862. In this "grade crossing" case the incontrovertible physical fact as shown by a map was that the railroad tracks

south of the crossing were almost straight for 1,040 feet. Since the driver of the car *could* have seen the train approaching her contributory negligence was legally adjudged. In *Garis v. Lehigh & New England R. R. Co.,* 324 Pa. 149, 188 A. 76, also we held that plaintiff's case failed because the oncoming train was visible for a sufficient distance for him to have seen it. In *Lamp v. Pennsylvania R. R.,* 305 Pa. 520, 158 A. 269, we approved the following from *Lessig v. Reading Transit & Light Co.,* 270 Pa. 299, 302, 113 A. 381: "As a general rule a suitor is entitled to have his case submitted to the jury on his own interested testimony although contradicted by disinterested witnesses, the remedy for a perverse verdict being a new trial; where, however, as here, the party's own testimony . . . is shown to be untrue by incontrovertible physical facts, the case is different." [1] See also *Grimes v. Pennsylvania R. R. Co.,* 289 Pa. 320, 137 A. 451.

In all other types of civil cases we have adhered to the long prevailing rule that issues of fact where there is more than a scintilla of evidence on each side must be submitted to the jury. In *Holland v. Kindregan,* 155 Pa. 156, 25 A. 1077, which was an action for ejectment of a strip of land, this court said: "It does not follow that because the evidence on one side may be overwhelming in the opinion of the trial judge, that the case can be withdrawn from the jury. If there is a conflict of evidence it must go to the jury unless the evidence on one side amounts but to a scintilla." Justice SHARSWOOD, speaking for this court, said in *Reel v. Elder,* 62 Pa. 308: "However clear and indisputable may be the proof when it depends upon oral testimony, it is nevertheless the province of the jury to decide, under instructions from the court, as to the law applicable to the facts, and sub-

---

[1] "When the undisputed evidence . . . establishes . . . contributory negligence on the part of the plaintiff . . . the court may instruct a verdict for defendant, there being no issue of fact for the jury": Gulf, C. & S. F. R. Co. v. Shieder, 88 Texas 152, 30 S. W. 902.

ject to the salutary power of the court to award a new trial if they should deem the verdict contrary to the weight of the evidence." In *Nanty-Glo Boro. v. Amer. Surety Co.*, 309 Pa. 236, 238, 163 A. 523, we said: "This rule is firmly established" (citing cases). We said further: "The credibility of these witnesses, without whose testimony plaintiff could not have recovered, was for the jury."

The facts of the instant case bring the case within the rule thus stated in the two cases just cited and not within the rule we have laid down in grade crossing cases where the incontrovertible physical facts demonstrate plaintiff's own negligence. The "physical facts" which the railroad company relied upon in this case, such as the condition of the displaced rail and the pulled out spikes, were facts *which were testified to by witnesses*. Before the jury could accept the statements made by these witnesses, they had to credit them. It is true that the jury could inspect the rail and the spikes produced by the defendant, but that these were the very physical things whose displacement by human hands caused the wreck of defendant's train depended on the truthfulness of the witnesses who vouched for them. In a "grade crossing" case, the map showing the distance for which a clear view may be had has to be made and vouched for by a witness but if the map is erroneous that fact is easily demonstrable by the opposing party; he can also ask that the tribunal view the locus of the accident and "see for itself" the physical situation.

Defendant's proof in support of its allegations of sabotage was of such a convincing character that the court easily fell into the error of entering judgment for the defendant after the jury failed to return the verdict the evidence so clearly called for. The court stated that this was one of those cases where the "proofs demonstrate that the thing that happened could not possibly have occurred through any negligence on the part of the defendant . . . and it becomes the duty of the court

to so declare as a matter of law." We agree that the proofs demonstrate what the court said they did, but the "demonstration" could result in a judgment for the defendant only after the demonstration had induced *the jury* to return a verdict for the defendant. These proofs, however conclusive, did not take away from the jury its immemorial function of returning a verdict. Courts must not lose sight of what Wigmore calls "the bipartite constitution of the common law tribunal". (Wigmore on Evidence, 3d Ed. Vol. 9, sec. 2486.)

To lay down a rule that whenever a trial court is convinced that the proofs on either side of a civil action in which there are issues of fact triable by a jury are so conclusive that the court can declare as a matter of law that the verdict must be for the party offering such proofs, would be to introduce a radical innovation in trial procedure in this Commonwealth. The error of the court below was in taking upon itself the fact finding functions of the jury.

In *Doud et ux. v. Hines,* 269 Pa. 182, 112 A. 528, which was a case arising from an injury to a passenger in a railway train, this court said (185) : "While it is true the burden the law casts upon one having the affirmative of an issue, to prove it by a preponderance of the evidence, generally remains on the plaintiff throughout the case, it is also true that burden shifts to the defendant when he sets up an affirmative defense. In this case the burden was on plaintiff to prove the cause of the injury and the circumstances attending it so as to connect the accident and injury : *Green v. R. R.,* 219 Pa. 241. On doing this a presumption of negligence arose and thereupon the burden was shifted to defendant requiring it to show the use of the care and diligence above described; . . . The presumption of negligence continued to stand, however, until overcome by proof offered by defendant [2] and whether or not it met that

---

[2] "The burden of going forward with evidence may shift often from side to side, while the duty of establishing his proposition is

requirement was for the jury to say: *Penna. R. R. v. Weiss*, 87 Pa. 447" (and other cases). In *Devlin v. Beacon Light Co.*, 198 Pa. 583, 48 A. 482, this court said: "The burden on the defendant was not satisfactorily to account for the accident, but only to show that it had used due care; and if the testimony produced by it was credited, it amounted to a demonstration that there was no cause of action. But whether the witnesses were entitled to belief was necessarily a question for the jury. The plaintiff showed a series of acts from which the inference of negligence on the part of the defendant arose; that inference was sufficient to carry the case to the jury; having once arisen, it remained until overcome by countervailing proof; whether so overcome was a question of fact which the court could not determine" (citing cases). In *Holzheimer et ux. v. Lit Brothers*, 262 Pa. 150, 153, 105 A. 73, this court said in discussing "the general rule that commits the credibility of witnesses to the determination of the jury", "Why should not the same rule apply here? It was made to apply in the quite recent case of *Williams v. Ludwig Floral Co.*, 252 Pa. 140, a case on all fours with this. From all that there appears the testimony relied upon to overcome the plaintiffs' prima facie case in that case was no less strong than here, but it came from living witnesses, and its value depended on their credibility, which was a matter within the exclusive province of the jury to decide."

What Justice MITCHELL said in *Lonzer v. Lehigh Valley R. R. Co.*, 196 Pa. 610, 46 A. 937, gives support to the action taken by the court below in the instant

always with the *actor* and never shifts": Thayer's "Preliminary Treatise", post, p. 378. See also Chief Justice SHAW's opinion in *Powers v. Russell*, 13 Pick. 69. In *Henes v. McGovern*, 317 Pa. 302, 310, 176 A. 503, we pointed out the difference between the "burden of proof" (which always "remains on the party affirming a fact in support of his case") and "the burden of going forward with evidence" to meet the evidence already produced by the opposing party, which burden shifts from side to side in the progress of the trial. See also *Hill v. Smith*, 260 U. S. 592.

case, but as we said in *Hartig v. American Ice Co.*, 290 Pa. 21, 31, 137 A. 867, "that case has been departed from and explained away ever since in a long line of decisions (citing them) . . . In *Second National Bank v. Hoffman*, 229 Pa. 429, 434, Mr. Justice BROWN, writing for this court, entered a reversal of the court below, which had followed the *Lonzer* case, and reasserted the old rule that when the establishment of a question of fact depends on oral testimony, the credibility of the witnesses is for the jury alone."

The rule that it is the duty of the court to determine whether the party upon whom the burden of proof rests has offered a sufficient *quantum* of proof to entitle him to go to the jury is in no way inconsistent with the rule that the court cannot instruct a jury that a party has by the oral testimony he has offered sustained the burden resting upon him and that they must find in his favor. Wigmore on Evidence (3d Ed. Vol. 9, sec. 2487, p. 278), says: "Each party must first with his evidence pass the gauntlet of the judge; . . . [who] as a part of his function in administering the law, is to keep the jury within the bounds of reasonable action. . . . In order to get to the jury on the issue, and bring into play the other burden of proof (in the sense of the risk of non-persuasion of the jury), both parties alike must first satisfy the judge that they have a quantity of evidence fit to be considered by the jury, and to form a reasonable basis for the verdict."

In this class of cases there is still some confusion as to the function of presumptions, though in *Watkins v. Prudential Ins. Co.*, 315 Pa. 497, 173 A. 284, we clearly pointed out their nature and function. There we said of presumptions: "They are not evidence and should not be substituted for evidence, . . they are guide-posts indicating whence proof must come". . . . In the instant case, the burden of proof was on the plaintiff. When plaintiff proved that her son while a passenger on defendant's train was killed by the derailment of that

train she met the burden of proof initially resting upon her, and if no further evidence had been offered by either side, the jury should have returned a verdict for the plaintiffs, because upon proof of the facts just stated a "presumption" arose that the child's death resulted from the defendant's negligence. This presumption was "a conclusion based upon the generally known results of wide human experience" (quoting the language of the *Watkins* case). This presumption cast upon the defendant, if it wished to forestall a verdict in plaintiffs' favor, the burden of producing evidence to neutralize the inference which the jury in the absence of countervailing evidence would draw legitimately from the evidence produced by the plaintiff. As Thayer says in his "Preliminary Treatise on Evidence at the Common Law" (page 339): "The essential character and operation of presumptions, so far as the law of evidence is concerned, is in all cases the same. . . . They throw upon the party against whom they work the duty of going forward with the evidence, and this operation is all their effect, regarded merely in their character as presumptions."

In this case the defendant, after plaintiff rested, came forward with evidence of a most persuasive character to explain the cause of the derailment as being one for which it was not responsible. This evidence rested largely on oral testimony and the genuineness of the physical exhibits was attested by the same kind of testimony. All this made the case one whose submission to the jury was required. The judicial remedy for the jury's capricious disregard of this evidence was a setting aside of the verdict and the granting of a new trial. Instead of doing this, the court entered that judgment for the defendant n. o. v., from which this appeal was taken. The Act of April 22, 1905, P. S. 286, gives the reviewing tribunal the right upon such appeal to "enter such judgment as shall be warranted by the evidence. . . ."

The judgments of the court below are reversed; the rules for a new trial are reinstated and made absolute.