# Archer et vir, Appellants, *v.* Pittsburgh Railways Company.

Argued March 27, 1944. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Hughes, JJ.

*Daniel F. McCarthy,* for appellants.

*D. M. McConnell,* with him *J. R. McNary,* for appellee.

Opinion by Mr. Justice Patterson, May 25, 1944:
This is an action in trespass by Stella Archer and Daniel Archer, her husband, appellants, against the Pittsburgh Railways Company, appellee, for personal injuries suffered by the wife when her left shoulder and

breast were caught between the door and the body of appellee's trolley car. A jury returned a verdict in favor of appellee. This appeal is from the refusal of the court below to award a new trial for alleged errors in the charge of the trial judge.

The testimony of appellant and her witnesses supports the following facts: On November 25, 1940, about 8:00 A. M., Stella Archer boarded one of appellee's streamline trolley cars at the corner of Hampshire and Beechview Avenues in the City of Pittsburgh. She entered the door at the front end of the car but was unable to leave the second step because the car was already filled with passengers. She paid her fare and remained where she was. After several stops were made, at each of which more passengers were taken on, the car arrived at South Hills Junction, where other passengers moved forward to get out and she was forced against the door in such manner that when it was opened without warning her left shoulder and breast were caught between the door and the body of the trolley, causing the injuries complained of. She was corroborated by the motorman with regard to the crowded car. He did not see her until he learned that she was caught in the door. Appellant testified that no warning was given before the door was opened; that when she was caught she shouted but evidently was not heard, and that the car proceeded approximately 100 feet before the door was closed and she was released.

The most important errors assigned are that the trial judge erred in (1) not charging the jury that a presumption of negligence arose from the occurrence of the injury as testified to by the wife, and (2) permitting the jury to consider the question of her contributory negligence. Appellee contends that the evidence is insufficient to permit a finding of negligence.

A carrier is not an insurer of the safety of its passengers. It is, however, held to the highest practical degree of care for their safety: *Petri v. Pittsburgh Rys.*

*Co.*, 328 Pa. 396, 400. This Court, in *Bickley v. Philadelphia & Reading Ry. Co.*, 257 Pa. 369, 375, said: ". . . a legal presumption of negligence arises, casting upon the carrier the onus of disproving it, when an injury to a passenger is caused by a defect in the road, cars or any other appliance, or by a want of diligence or care in the carrier or its employees, or by any other thing which the carrier can and ought to control as a part of its duty to carry passengers safely." See *Zaltouski v. Scranton Railway Company*, 310 Pa. 531, 534. The testimony of Stella Archer, to the effect that the injury was caused by the failure of appellee's motorman to properly control the operation of the door, established a prima facie case of neglect of duty on the part of appellee to carry passengers safely. Cf. *Dupont v. Pennsylvania R. R. Co.*, 337 Pa. 89, 91. The jury should have been instructed that, from the testimony adduced, a prima facie legal presumption arose that appellee was negligent in the operation of its trolley car and that the burden was upon it to disprove that presumption. Since the court failed to so charge a new trial must be granted.

The case of *Dupont v. Pennsylvania R. R. Co.*, supra, relied upon by appellee, is inapplicable to the facts here presented. In that case plaintiff was injured by flying glass when a window on the opposite side of the car was suddenly shattered. The court below granted defendant's motion for judgment on the whole record. This Court, affirming the judgment, said (p. 92) : "Here plaintiff failed to prove that the accident was caused by anything whatsoever that was within the sphere of defendant's control . . . or of which it had peculiar knowledge not equally available to the passenger." Similarly, in the cases of *L'Hommedieu v. Delaware, L. & W. R. R. Co.*, 258 Pa. 115; *Polis v. Philadelphia & Reading Ry. Co.*, 273 Pa. 591, and *Wood v. Pennsylvania R. R. Co.*, 111 Pa. Superior Ct. 430, the failure of proof of defective appliance or improper control prevented recovery.

The other question raised, that of contributory negligence on the part of the appellant wife, was a question for the jury under proper instruction.

Judgment reversed and a new trial granted.