Opinion by
 

 Rhodes, P. J.,
 

 • Plaintiff, in a trespass action, asked 'for damages for personal injuries caused her when-broken glass from a'window of' defendant’s coach, in Which'she'was a passenger, entered-her left eye. A jury returned a'verdict of $1,150 for plaintiff. Defendant’s motions' for judgment n.o.v. and for'a hew trial' Were-refused This appeal by defendant followed. ' ' ' ' : .
 

 Appellant contends that appéllee was cbntributofily negligent'as a matter of law; and that the charge Of the court' was so inadequate as to constitute fundamental error because the trial judge in his charge (T) failed to summarize the testimony, (2) did hot-define negligence or contributory negligence, (3) did not adequately im struct the jury concerning the burden of proof, -(4) mádé no reference to the sharp conflict in the testimony, and
 
 *540
 
 (5) misstated appellant’s theory of the case and the law applicable thereto.
 

 The evidence shows that on July 5, 1946, appellee was a passenger traveling on appellant’s train from Youngstown, Ohio, to Pittsburgh. Appellee ivas seated in the third or fourth seat from the rear of the right side of the second car from the engine. The upper rear corner of the window was cracked and the window glass rattled in the frame. After leaving the Fort Wayne Station in Pittsburgh, the train switched to the left, from one track to another. • As it did so the appellee noticed stones hitting the window. She raised the window and ascertained that they were being thrown from underneath the wheels of the engine. A few seconds after she lowered the window the train jolted and a piece of glass fell from the cracked portion of the window. This hit her on the head, and some entered her left eye. Immediately several stones came through part of the window, shattered it and showered appellee with glass. Appellee was corroborated by two fellow passengers. One witness, Yates, saw the stones thrown from beneath the engine wheels against the window. Witnesses Yates and Barrow saw a piece of glass fall from the cracked window and hit appellee in the eye. Witness Barrow saw at least one stone come through the window, which stone he identified at the trial.
 

 Appellant’s brakeman, in the same car, observed that the window glass was shattered by a stone that apparently came from outside the coach. According to appellant’s witnesses the coach involved was eight cars behind the engine, and the breaking of the window by a stone occurred about a mile before the train reached the Fort Wayne or Federal Street Station. Appellant’s doctor, who examined appellee at the Union Station, stated that appellee told him some boys threw rocks through the car window. Appellee denied making this statement.
 

 
 *541
 
 Refusal to enter judgment n.o.v. was proper. Resolving all conflicts in the testimony in favor of appellee, viewing the evidence in a light most favorable to her, and giving her the benefit of all inferences and deductions reasonably to be made therefrom as we are required to do
 
 (Foley v. Reading Company,
 
 348 Pa. 485, 35 A. 2d 315;
 
 Russo v. Pittsburgh Railways Co.,
 
 164 Pa. Superior Ct. 396, 64 A. 2d 666), it cannot be said as a matter of law that her conduct constituted contributory negligence. A plaintiff may not properly be declared guilty of contributory negligence as a matter of law unless the evidence is so clear in that regard that fair and reasonable individuals could not disagree as to its existence.
 
 Pessolano v. Philadelphia Transportation Co.,
 
 349 Pa. 73, 75, 36 A. 2d 497;
 
 Olson v. Swain,
 
 163 Pa. Superior Ct. 101, 105, 60 A. 2d 548. The court below did not err in refusing appellant’s motion for judgment n.o.v. on the basis of alleged contributory negligence.
 

 The court below did commit error in refusing a new trial. The charge of the trial judge, to which exceptions were granted, was so inadequate and incomplete as to constitute basic and fundamental error. The primary duty of a trial judge in charging a jury is to clarify the issues so that the jury may comprehend the questions they are to decide.
 
 De Reeder v. Travelers Insurance Co.,
 
 329 Pa. 328, 336, 198 A. 45. If the charge is wholly inadequate or not clear, or has a tendency to mislead, and confuse rather than to clarify the issues, a new trial will be granted.
 
 Randolph v. Campbell,
 
 360 Pa. 453, 458, 62 A. 2d 60. The functions of a trial judge. embrace not only the duty to state to the jury correct principles of law applicable to the pending case and to endeavor to make such principles understandable in plain language, but they also impose upon the judge the. duty to assist the jury in applying those principles to the issues presented to them for determination.
 
 Kindt v. Reading Co.,
 
 352 Pa. 419, 429, 43 A. 2d 145. See
 
 Tietz
 
 
 *542
 

 v. Philadelphia Traction Co.,
 
 169 Pa. 516, 32 A. 583. The i'nstant case réquired a proper statement of principles of law applicable to negligence, contributory negligence, burden of proof and weight of evidence.
 

 The charge did not adequately define negligence or contributory negligence as related to the evidence. The instructions did not give the jury any reasonable guide for determination of the question of appellant’s alleged negligence.
 
 Faulkner v. Delph Spinning Co., Inc.,
 
 245 Pa. 40, 45, 91 A. 607;
 
 Tiribassi v. Parnell, Cowher & Co.,
 
 106 Pa. Superior Ct. 168, 174, 161 A. 477. In his brief and incomplete instructions the trial judge did not define the degree of care required of a common carrier to its patrons. The trial judge stated: “In this particular case the plaintiff has sued the defendant. In the first place she has claimed that the defendant here had a cracked window and the window broke and fell. Under the second theory she claims the engine threw up stones which entered the window and if I am wrong, I hope I will be corrected, but under the second theory you haven’t much to consider because you have no evidence here that the plaintiff was injured as a result of the stone entering the car.
 
 [1]
 
 Nevertheless the plaintiff has to prove that. They don’t have the proof to account for that only the proof that the Railroad road bed was rough and the engine threw up stones that broke the window. If I am wrong, I hope Mr. Barrickman will correct me. There is no evidence of-liability on that as far as this case is concerned, but I may be mistaken. The plaintiff says this window was cracked when she went in and it broke and fell in the train, that when the engine made a
 
 *543
 
 lurch it caused the window glass.to fall and hit her in the eye. . . . Because you are the jury here, you pass upon the credibility of witnesses, which means whether you believe their story. If you do, have they made out a case of negligence? The defendant says here that maybe the window did break, ‘It actually did break and you knew that window was broken. You said so when you were on the stand, and you had no business riding by- a cracked window and particularly when you know a train jolts, jerks and starts suddenly and, if. so, you, as a reasonably prudent person, had no business sitting in that seat.’ So the defendant also advances the theory that even if her contention is correct the plaintiff is not entitled to recover.”
 

 The duty of the carrier in cases involving injuries to passengers caused by shattered glass from windows of the conveyance has been amply defined. The carrier is not an insurer but is held to a high degree of care.
 
 Archer v. Pittsburgh Railways Co.,
 
 349 Pa. 547, 548, 37 A. 2d 539. A car window is an appliance.
 
 Orms v. Traction Bus Co.,
 
 300 Pa. 474, 477, 150 A. 897. Where it is shown that an accident happens through defective appliances (as here, a loose or cracked glass in the window) or means of transportation, the burden is cast upon the carrier to exculpate itself from an inference of negligence; in all other cases the burden is upon the passenger to prove negligence.
 
 Nebel v. Burrelli,
 
 352 Pa. 70, 75, 41 A. 2d 873;
 
 Dupont v. Pennsylvania Railroad Co.,
 
 337 Pa. 89, 10 A. 2d 444, 129 A.L.R. 1337. Appellee’s proof that appellant’s engine was operated so as to throw stones against the window with such force as to break it constituted prima facie proof of negligence in operation on the part of appellant. Cf.
 
 Archer v. Pittsburgh Railways Co.,
 
 supra, 349 Pa. 547, 37 A. 2d 539. Appellant would be absolved from liability based on stones crashing through the window if it showed that
 
 *544
 
 a third party had impelled the stones.
 
 Ginn v. Pennsylvania Railroad Co.,
 
 220 Pa. 552, 69 A. 992.
 

 The court’s instructions on contributory negligence were so meager as to be of no practical assistance to the jury in deciding this question. The instructions on burden of proof and the duty of coming forward with evidence
 
 (Sears v. Birbeck,
 
 321 Pa. 375, 383, 184 A. 6;
 
 MacDonald v. Pennsylvania Railroad Co.,
 
 348 Pa. 558, 564, 565, 36 A. 2d 492) were also inadequate. The charge, considered in its entirety, is so inadequate that the jury was without “guide or compass.”
 

 Judgment is reversed with a venire facias de novo.
 

 [1]
 

 The opinion
 
 pi
 
 the court in banc, written by the trial judge, took an entirely different view of this testimony. In dismissing appellant’s motions for .judgment n.o.v. and for a new trial, the court said: “It seems very improbable that the stones would come from the engine . . ., but the evidence in this case was so strong that the court cannot disregard it.”