Graciano et al., Appellants, *v.* Polteno.

Argued April 10, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

438

*Edward A. Damrau,* with him *Maurice Chaitkin, J. Lawrence McBride, Brennan, Brennan, Damrau & Mohan,* and *Dickie, McCamey, Chilcote, Reif & Robinson,* for appellants.

*Bruce R. Martin,* with him *Pringle, Bredin & Martin,* for appellee.

OPINION BY GUNTHER, J., June 11, 1957:

Plaintiffs, Philomena F. Graciano and Joseph J. Graciano, her husband, in a trespass action, asked for damages for personal injury and property damage caused by defendant, June Polteno. Subsequent to the filing of the complaint, the original defendant joined Joseph J. Graciano as additional defendant against the claim of the wife and sought damages from him for personal injuries sustained in an automobile collision occurring on July 4, 1951, and a severance was granted from the claim of the wife. After trial, the jury rendered verdicts in favor of Philomena F. Graciano against her husband, as additional defendant, in favor of June Polteno, defendant, and in favor of the defendant against Philomena F. Graciano and Joseph J. Graciano.

Motions were filed on behalf of plaintiffs for a new trial and also on behalf of the additional defendant for a new trial and judgment n.o.v. On June 15, 1956, as

amended September 21, 1956, the motion for judgment n.o.v. as to Philomena F. Graciano against her husband was granted, and all other motions were refused. These appeals followed.

The accident occurred on Northridge Drive, North Park, Allegheny County. Plaintiff, Joseph J. Graciano was operating a Buick automobile owned by Joseph J. Graciano Company in an easterly direction on Northridge Drive which is approximately an eighteen foot roadway running generally in an east-west direction. His wife was seated in the right front seat. At or near the place of the accident, the road makes a sharp right angle turn to the south, and has a high embankment to the right which cuts off the operator's view to approaching traffic. The roadway was wet from rain which had fallen previous to the accident. Defendant was operating a Ford sedan and, at or near the accident, was proceeding in a northerly direction along Northridge Drive. The right angle turn or curve was to her left, or west. Four passengers were with defendant in her car. The testimony as to how and where the accident happened was conflicting. The testimony of plaintiffs disclosed that the accident occurred on the approach to the curve or in the curve itself; that the plaintiffs' vehicle was traveling in the proper right-hand lane of traffic; that defendant's vehicle cut across the curve to plaintiffs' right side and was traveling in plaintiffs' lane at the time of the collision and that plaintiff swerved to the left to avoid a head-on collision. The testimony of the defendant disclosed that the accident occurred on defendant's approach to or in the curve; that she was operating in her proper lane of traffic and that plaintiffs' car swung over into her lane.

Appellants contend that the charge of the court was so inadequate as to constitute fundamental error be-

cause the trial judge in his charge (1) failed to properly instruct on negligence, contributory negligence and burden of proof, and (2) made prejudicial and improper remarks. They also contend (3) that the refusal to grant a new trial was a clear abuse of discretion; (4) that in attempting to mold and frame the verdicts the court committed fundamental and reversible error; (5) that the refusal to permit a bailee to prove damages to the bailed automobile as against a third party is reversible error; and (6) that the trial court erroneously, and over objection, permitted the original defendant to testify and present a claim for her personal injuries by way of counterclaim.

The primary duty of a trial judge in charging a jury is to clarify the issues so that the jury may comprehend the questions to be decided. *Randolph v. Campbell*, 360 Pa. 453, 62 A. 2d 60; *Sears v. Birbeck*, 321 Pa. 375, 184 A. 6; *Archer v. Pennsylvania Railroad Co.*, 166 Pa. Superior Ct. 538, 72 A. 2d 609.

Upon a review of the entire charge in this case, we think that the instructions were too meager to give the jury proper guidance for fairly resolving the issues and fixing the responsibility for the damages caused. On the charge of negligence, the entire charge reads as follows: "Negligence has been defined as the want of that care which the circumstances of the case require. Now, that is a definition. Not having been written out for you and you having been brought in here rather unexpectedly, you would hardly be expected to remember that definition too accurately. It really means carelessness." Such a charge on negligence, without any attempt to relate the charge to the evidence, without applying that concept to the operation of motor vehicles on the highways and without pointing up the issues of fact upon which such rule can be applied, is meaningless and only tends to confuse rather than

clarify. On the charge of contributory negligence, the court below was equally meager in its instructions:

"I forgot to say that Philomena Graciano can't be charged with what we would ordinarily say would be contributory negligence. That means that you help bring about an accident by your own conduct. If you do, you can't come in and complain about somebody else. She was a passenger in the car, and being a passenger in the car, unless she had some opportunity to control the situation, she couldn't be guilty of contributory negligence. So that doesn't have anything to do with this case."

When counsel for plaintiffs asked for a charge on contributory negligence itself, the trial judge gave an example of contributory negligence by stating that if a man, proceeding to drive over a bridge when his vision is blurred by smoke from a train traveling beneath the bridge, he cannot come into court and make a claim against the railroad company or anyone else for getting hurt in running into something. The court made no effort whatever to discuss contributory negligence as it might have applied to the conduct of the drivers. The relative rights and duties of the parties were not defined to the jury, and the only definite impression the jury could have obtained from this charge was that the wife plaintiff could not be guilty of contributory negligence. It failed to enlighten the jury as to what facts would constitute contributory negligence on the part of the parties, in view of their testimony. See *Hess v. Mumma et al.*, 136 Pa. Superior Ct. 58, 7 A. 2d 72; *Archer v. Pennsylvania R. Co.*, supra.

What we said in *Archer v. Pennsylvania R. Co.*, supra, is equally applicable here: "The court's instructions on contributory negligence were so meager as to be of no practical assistance to the jury in deciding this question. The instructions on burden of proof and the

duty of coming forward with evidence (Sears v. Birbeck, 321 Pa. 375, 383, 184 A. 6; MacDonald v. Pennsylvania Railroad Co., 348 Pa. 558, 564, 565, 36 A. 2d 492) were also inadequate. The charge, considered in its entirety, is so inadequate that the jury was without 'guide or compass' ". We believe that the failure to adequately charge on these two issues was so fundamental as to require the granting of a new trial.

Considering, as we do, that a new trial must be granted in the interest of justice, the other assignments of error need not be considered at this time. Judgment is reversed with a venire facias de novo.